## PEOPLE *v.* SEIFERT

1. CRIMINAL LAW—PLEA OF GUILTY—RAPE—EXAMINATION OF DEFENDANT BY COURT.

   Failure of the trial court, in accepting defendant's plea of guilty to the offense of rape, to obtain a recital on the record of the events leading up to the offense in defendant's own words is not always fatal and does not automatically require allowance of a motion to withdraw the plea of guilty.

2. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA.

   A plea of guilty was properly accepted and should not be set aside if all procedural requirements for its acceptance were met and it appears that there is a substantial factual basis for the plea.

3. RAPE—ELEMENTS OF CRIME—PLEA OF GUILTY.

   A plea of guilty of rape of an 8-year-old girl should not be set aside on the asserted ground that the trial judge did not establish the crime and defendant's participation in it by direct questioning, where the Court of Appeals is convinced from examination of the record that the defendant, 38 years old at the time the crime was committed, acknowledged that he had committed the crime and conceded that there was at least some sexual penetration, and the truth of the plea and that there was a substantial factual basis for it appears with clarity in the record (MCLA § 750.520).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3]  21 Am Jur 2d, Criminal Law § 484 *et seq.*
   Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof.  97 ALR2d 549.
[2]  21 Am Jur 2d, Criminal Law § 503 *et seq.*
[4]  5 Am Jur 2d, Arrest § 4 *et seq.*

4. CRIMINAL LAW—WARRANT—ACTION BY PROSECUTOR.

> The fact that the record in a criminal case does not contain an order in writing signed by the prosecuting attorney authorizing issuance of a warrant for defendant's apprehension is not grounds for reversal of defendant's subsequent conviction as long as there is evidence that the complaint was actually prepared by the prosecuting attorney and filed by him with the magistrate (CL 1948, § 764.1).

Appeal from Gratiot, Leo W. Corkin, J. Submitted Division 3 January 7, 1969, at Grand Rapids. (Docket No. 4,846.) Decided April 23, 1969. Leave to appeal denied December 19, 1969. See 383 Mich 752.

Edward Seifert was convicted, on his plea of guilty, of rape. Defendant's subsequent motion to withdraw his plea denied. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, and *Jack T. Arnold*, Prosecuting Attorney, for the people.

*Robert L. Douglas*, for defendant on appeal.

BEFORE: LEVIN, P. J., and HOLBROOK and DANHOF, JJ.

PER CURIAM. The defendant appeals from a denial of his motion to withdraw his plea of guilty upon which he was convicted in 1956 of the offense of rape. MCLA § 750.520 (Stat Ann 1954 Rev § 28.788).

The defendant asserts that requirements of Court Rule No 35A* (1945) (presently GCR 1963, 785.3[2]) were not complied with in that the trial judge, before accepting the plea and sentencing the defendant, did not by direct questioning of the defendant establish the crime and the defendant's participation in its

---

* See 318 Mich xxxix.

commission as required by *People* v. *Barrows* (1959), 358 Mich 267, 272. See, also, *People* v. *Perine* (1967), 7 Mich App 292, and *People* v. *Mason* (1968), 13 Mich App 277.

It would have been better had the trial judge obtained a recital on the record of the events in the defendant's own words but his failure to do so is not always fatal—it does not automatically require allowance of a motion to withdraw a plea of guilty.

The defendant was charged with rape of an 8-year-old girl. Her consent would not have been a defense. There are no degrees of this offense. Under the statute the offense is deemed complete upon proof of any sexual penetration, however slight. Its essential elements are uncomplicated.

The court rule, as interpreted in *Barrows* (p 272) requires "reasonable ascertainment of the truth of the plea." We have recently said (*People* v. *Bartlett* [1969], 17 Mich App 205) this requires that it appear there is a substantial factual basis for the plea.

We are conviced from our examination of the record that when the defendant Seifert, 38 years of age at the time the charged offense was committed, acknowledged he had committed the crime of rape, he conceded that there was at least some sexual penetration. The truth of his plea—that there was a substantial factual basis for the plea—appears with such clarity on this record that the plea should not be set aside on the asserted ground.

The file in this case does not contain an order in writing signed by the prosecuting attorney authorizing issuance of the warrant for the defendant's apprehension as required by MCLA § 764.1 (Stat Ann 1954 Rev § 28.860).

In *People* v. *Carter* (1967), 379 Mich 24, the Michigan Supreme Court held that since it appeared that

the complaint in that case had been prepared by the prosecuting attorney and filed by him with the magistrate, even though there was not on file in that case a signed authorization from the prosecuting attorney, the purpose of the statute, namely to guard against indiscretion by a magistrate acting without the benefit of direction from the prosecuting attorney, had been achieved, and the complaint in *Carter* was not defective.

At the hearing on defendant Seifert's motion to withdraw his plea of guilty, the attorney who was the prosecuting attorney at the time the complaint against the defendant was filed testified that it was his best recollection that he prepared the complaint and sent it to the magistrate. The trial judge filed a written opinion in which he stated that he credited this testimony and accepted it as fact. We have reviewed the transcript of testimony and are of the view that the trial judge's finding was not clearly erroneous.

The defendant's claim that he was entitled to a jury trial on the issue whether the prosecutor prepared and authorized the filing of the complaint is without merit.

Affirmed.