### PEOPLE v. DICKERSON

CRIMINAL LAW—PLEA OF GUILTY—ASCERTAINMENT OF TRUTH OF PLEA—FACTUAL BASIS—COURT RULE.

> Trial court's failure to question defendant directly regarding his participation in the crimes charged was not fatal to his plea of guilty of a lesser offense where the court, before accepting the plea, read aloud in court the information detailing the greater crimes of which defendant was accused, defense counsel, in defendant's presence, stated that he had discussed with his client the facts of his case, and that defendant wished to plead guilty of a lesser offense, and the complaining witness, who was present in court, stated that he was satisfied with acceptance of the plea to the lesser charge, since the record clearly showed that a factual basis existed for acceptance of defendant's plea (GCR 1963, 785.3).

Appeal from Recorder's Court of Detroit, George W. Crockett, Jr., J. Submitted Division 1 March 5, 1970, at Detroit. (Docket No. 7,721.) Decided May 1, 1970. Leave to appeal denied June 30, 1970. 383 Mich 799.

Chester G. Dickerson was convicted, on his plea of guilty, of assault with intent to rob being armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,*

---

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 486, 494.

Chief Appellate Lawyer, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow* (Defenders' Office—Legal Aid and Defender Association of Detroit), for defendant on appeal.

Before: LESINSKI, C. J., and QUINN and V. J. BRENNAN, JJ.

PER CURIAM. Defendant Chester Dickerson and two others were charged with the kidnapping[1] and armed robbery[2] of one Edward Bippley. On October 26, 1965, they tendered pleas of guilty of assault with intent to rob being armed.[3] The trial court accepted their pleas and sentenced them to prison terms of 7-1/2 to 15 years. Defendant Dickerson now files a delayed appeal, contending the trial court failed to comply with GCR 1963, 785.3, since it did not establish his participation in the crimes by questioning him directly. *People* v. *Barrows* (1959), 358 Mich 267, 272; *People* v. *Perine* (1967), 7 Mich App 292.

Before the plea was tendered, defendant's counsel informed the court:

"Well, your Honor, I have discussed the facts of this case in detail with my client Chester Dickerson on a number of occasions, not only in this court but at the county jail and at a prior trial court. We discussed those facts in detail and I in turn have discussed them with the prosecuting attorney assigned to this court room and with Mr. Flanigan and I have discussed them with the police officer in charge. After a considerable amount of deliberation, Mr. Dickerson has decided to withdraw his

---

[1] MCLA § 750.349 (Stat Ann 1954 Rev § 28.581).
[2] MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797).
[3] MCLA § 750.89 (Stat Ann 1962 Rev § 28.284).

plea of not guilty heretofore entered and to offer a plea to this court to the charge of assault with intent to commit robbery while being armed."

The court then questioned the complainant, who was present at the time:

*"The Court:* Are you Edward Bippley?

*"Mr. Bippley:* I am.

*"The Court:* Have you heard the statements that have been made by the attorneys for the defendants here?

*"Mr. Bippley:* Yes, sir.

*"The Court:* And you have heard the attorney for each one of the defendants offer a plea of guilty to the offense of assault with intent to rob being armed?

*"Mr. Bippley:* Yes, sir.

*"The Court:* Now, the prosecuting attorney has stated that he is satisfied to have the pleas accepted and the police department is satisfied also. Are you satisfied?

*"Mr. Bippley:* Yes, sir.

Following this questioning, and after ascertaining defendant's wish to plead guilty to the lesser offense, the court read the information, thereby detailing the criminal acts with which defendant was charged:

"Well, the pleas—before saying anything about that, I should say on the record that count one in the information in this matter charges all three defendants with forcibly and secretly confining or imprisoning Edward Bippley against his will and then and there forcibly seizing, confining, and inveigling and kidnapping Edward Bippley, with the intent then and there to cause him to be secretly confined or imprisoned in the state against his will; and that the second count in the information charges assault upon Edward Bippley while armed with a dangerous weapon, a knife and a gun, and felo-

niously robbing, stealing, and taking from him and in his presence, a man's wrist watch, $20 in lawful money of the United States of America, all having a total value of $70. The information charges that these offenses occurred on the 3rd day of July, 1965."

and accepted the plea:

"In view of the approval of the acceptance by the prosecuting attorney, the representative of the police department, and the complaining witness, the pleas of guilty on the part of each one of the defendants to the included offense of assault with intent to rob being armed will be accepted."

GCR 1963, 785.3 has been interpreted as requiring a "reasonable ascertainment of the truth of the plea." *Barrows, supra,* at 272. This language, in turn, has been interpreted to mean that a substantial factual basis for the plea must appear on the record. *People v. Bartlett* (1969), 17 Mich App 205; *People v. Seifert* (1969), 17 Mich App 187. And although direct questioning of the accused, followed by the accused's recital of his acts, is obviously the most desirable method of establishing a factual basis, the failure to question the accused directly is not fatal to the plea. *People v. Stearns* (1968), 380 Mich 704; *People v. Seifert, supra.* We conclude from counsel's statement, the complainant's presence, and the court's detailing of the acts charged, that a factual basis exists and that defendant's plea was properly accepted.

Affirmed.