PEOPLE v. SHAW

CRIMINAL LAW—PLEA OF GUILTY—MOTION TO WITHDRAW PLEA— EXAMINATION OF ACCUSED.

> The trial judge, on remand, had a substantial factual basis for accepting defendant's plea of guilty of the crime of second-degree murder even though he conducted only a superficial examination of the facts of the crime and defendant's participation in it, where defendant had been convicted after a jury trial of first-degree murder and the transcript of that trial was available to the trial judge who was taking defendant's plea after a new trial had been granted.

Appeal from Recorder's Court of Detroit, Thomas L. Poindexter, J. Submitted Division 1 November 17, 1970, at Detroit. (Docket No. 7903.) Decided December 4, 1970.

Alvin Shaw was convicted, on his plea of guilty, of second-degree murder. Defendant appeals. People's motion to affirm granted.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Marshall C. Hill,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 484 *et seq.*

Before: LEVIN, P. J., and J. H. GILLIS and V. J. BRENNAN, JJ.

PER CURIAM. Defendant was jointly tried with his co-defendant and convicted of first-degree murder by a jury in January of 1968. On appeal to this Court defendant was awarded a new trial on November 25, 1968. *People* v. *Shaw* (1968), 14 Mich App 235. On remand defendant tendered a plea of guilty to the offense of murder in the second degree.

Defendant obtained the appointment of appellate counsel who timely filed a claim of appeal grounded on the contention that the lower court erred in failing to examine the defendant as to the facts of the crime and his participation therein. The people have filed a motion to affirm the conviction.

The transcript clearly demonstrates that the trial court examined the defendant in order to determine that the plea was made freely and voluntarily. The transcript reveals further that the trial court made only a superficial examination of the defendant relative to the facts of the crime and defendant's participation therein. Defendant contends that this is contrary to the requirement set out in *People* v. *Barrows* (1959), 358 Mich 267, 272:

"The direct questioning of a defendant by the trial judge on plea of guilty is required by the rule for the purpose of establishing the crime and the participation therein of the person pleading guilty. This is a precaution against involuntary or induced false pleas of guilty, and against subsequent false claims of innocence."

The *Barrows* requirement has been held to require a substantial factual basis for the plea. *People* v. *Bartlett* (1969), 17 Mich App 205; *People* v. *Seifert* (1969), 17 Mich App 187. In addition to the facts adduced during the examination of the defendant,

the judge was advantaged by a transcript of the entire jury trial of this matter. It cannot be said that the judge was without a substantial factual basis for accepting the plea.

In view of the prior history of this case, defendant's contention that he failed to understand the nature of the offense to which he pled guilty need not be considered. The questions raised on this appeal are unsubstantial. The motion to affirm the conviction is granted.