PEOPLE *v.* SWARTZ

1. FORGERY—UTTERING AND PUBLISHING—INTENT TO DEFRAUD.
    Defendant's intent to defraud in uttering and publishing a forged check was established where defendant admitted at the plea-taking proceeding that he did not have permission to draw a check on another's checking account, he knew it was a violation of the law to forge the drawer's signature, and that he had no arrangement for repayment at the time of the criminal act (MCLA § 750.249).

2. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA.
    A plea of guilty of uttering and publishing should not be set aside where the record clearly indicates both a substantial factual basis for accepting the plea and that the defendant pled guilty because he was in fact guilty.

Appeal from St. Joseph, Mark S. Andrews, J. Submitted Division 3 March 31, 1971, at Grand Rapids. (Docket No. 9868.) Decided June 25, 1971.

William Lee Swartz was convicted, on his plea of guilty, of uttering and publishing. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *James Noecker,* Prosecuting Attorney, for the people.

*William H. Drake,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1] 36 Am Jur 2d, Forgery § 46.
[2] 21 Am Jur 2d, Criminal Law §§ 504, 505.
    Right to withdraw plea of guilty. 20 ALR 1445, supp. 66 ALR 628.

Before: HOLBROOK, P. J., and BRONSON and O'HARA,* JJ.

PER CURIAM. Defendant, while living with Orville Shirk, a friend, wrote a $37 check to himself on one of Shirk's checks, indorsed, and cashed it at a drive-in bank. He was arrested and charged with uttering and publishing as true a forged check contrary to MCLA § 750.249 (Stat Ann 1962 Rev § 28.446).

At arraignment, defendant pleaded guilty to the offense charged.

On appeal, defendant contends that the plea was made with some reservation or qualification of the intent to defraud and, therefore, the plea was not intelligently and understandingly made and should not have been accepted by the court.

The pertinent part of the transcript concerning this claim is as follows:

"*Q.* And I will show you a photocopy of said check and ask you if you recognize it?
"*A.* Yes, sir.
"*Q.* Is that the check that you filled out?
"*A.* Yes.
"*Q.* And did you write the name William L. Swartz on it?
"*A.* Yes, sir.
"*Q.* And did you sign the name Orville Shirk to it?
"*A.* Yes.

* * *

"*Q.* And you were not given any permission to sign this name Orville A. Shirk on there?
"*A.* No.
"*Q.* Of course, you knew that it was a violation of the law?

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"*A.* Yes.

"*Q.* And that this is what is known as forgery?

"*A.* Yes.

\* \* \*

"*Q.* Why are you pleading guilty today?

"*A.* Because I am guilty. That's why.

"*Q.* And you want the court to accept your plea?

"*A.* Yes, sir.

\* \* \*

"*The Court:* You knew, did you not, that when the check went through the bank that Shirk would be out $37?

"*Defendant Swartz:* Yes, sir.

"*The Court:* So that in effect you were cheating him to that extent?

"*Defendant Swartz:* Yes.

"*The Court:* Did you have any arrangement with him [Shirk] \* \* \* to reimburse him for the $37?

"*Defendant Swartz:* I asked him about it and he said okay.

"*The Court:* When?

"*Defendant Swartz:* In jail.

"*The Court:* After you did it?

"*Defendant Swartz:* After I did it.

"*The Court:* Did you have any arrangement with him before you did it?

"*Defendant Swartz:* No."

By admission, there was no arrangement for repayment at the time of the criminal act. Under these circumstances the trial judge properly inferred the necessary felonious intent to support the charge of uttering and publishing as true a forged check. The record in this case clearly indicates a substantial, factual basis for the acceptance of defendant's guilty plea. *People* v. *Bartlett* (1969), 17 Mich App 205; *People* v. *Seifert* (1969), 17 Mich App 187.

It is also clear, from the substance of the plea that defendant was pleading guilty because he was in fact

guilty.    At the time of the plea acceptance and sentencing there was no assertion by defendant of innocence nor is there, in the record, any indication of a miscarriage of justice.  *People* v. *Dunn* (1968), 380 Mich 693; *People* v. *Temple* (1970), 23 Mich App 651, 662.

Affirmed.