PEOPLE v KNOPEK

1. CRIMINAL LAW—PLEA OF GUILTY—FACTUAL BASIS.

A substantial factual basis exists for a proper acceptance of a plea of guilty by a trial judge where the crime and the defendant's participation in that crime are both established by the questions to the defendant and the defendant's answers in the plea transcript.

2. CRIMINAL LAW—SENTENCE—JUVENILE RECORD.

A trial court's review of a defendant's juvenile record in determining the sentence to be imposed is not a violation of the statute prohibiting the use of juvenile records as evidence (MCLA 712A.23).

Appeal from Lapeer, James P. Churchill, J. Submitted Division 2 March 6, 1973, at Lansing. (Docket No. 15099.) Decided May 25, 1973.

Ralph R. Knopek was convicted, on his plea of guilty, of attempted uttering and publishing of a forged check. Defendant appeals. Affirmed, with sentence modified.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Martin E. Clements,* Prosecuting Attorney, and *Edward B. Meth,* Assistant Prosecuting Attorney, for the people.

*Robert H. Duckwall,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 484 *et seq.*
[2] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children §§ 4, 8.

Before: DANHOF, P. J., and HOLBROOK and BASH-
ARA, JJ.

HOLBROOK, J. The defendant was charged with
the crime of uttering and publishing a forged
check in violation of MCLA 750.249; MSA 28.446.
On April 10, 1972, the defendant pled guilty to the
charge of attempted uttering and publishing.
MCLA 750.92(2); MSA 28.287(2). On April 24, 1972,
the defendant was sentenced to a term of four to
five years in prison. The defendant filed a motion
to withdraw his plea of guilty and vacation of
sentence on July 21, 1972. Argument was heard on
July 31, 1972, and the trial court denied the
motion in an order dated August 4, 1972. The
defendant appeals.

This cause arises out of an incident that oc-
curred on February 2, 1972. On that date the
defendant drew a check on the account of Donald
Hosner in the amount of $65. The defendant made
the check payable to himself and signed Mr. Hos-
ner's name as the maker. The defendant presented
the check to the drawee bank, the Lapeer County
Bank and Trust Company, and received $65 cash.

The defendant raises three issues on appeal
which we consider in proper order.

I

Did the trial judge in accepting defendant's plea
of guilty fulfill his duty to ascertain, by examina-
tion of the defendant prior to the acceptance of the
guilty plea, that sufficient facts existed to show
that the crime had been committed by the defend-
ant?

GCR 1963, 785.3(2) and MCLA 768.35; MSA
28.1058 impose a duty on the judge who accepts a
guilty plea to determine that the plea was freely,

voluntarily, and understandingly made. The case of *People v Barrows,* 358 Mich 267, 272 (1959), established the following rule:

"The direct questioning of a defendant by the trial judge on plea of guilty is required by the rule for the purpose of establishing the crime and the participation therein of the person pleading guilty. This is a precaution against involuntary or induced false pleas of guilty, and against subsequent false claims of innocence."

*Barrows* received amplification in the case of *People v Shaw,* 28 Mich App 456, 457 (1970), where it is stated: "The *Barrows* requirement has been held to require a substantial factual basis for the plea. *People v Bartlett,* 17 Mich App 205 (1969); *People v Seifert,* 17 Mich App 187 (1969)".

The defendant argues that his account of the incident did not furnish the required substantial factual basis to permit the court to accept his plea of guilty. The following appears in the plea transcript concerning this issue:

"*The Court:* Tell me, in your own words, what happened.

"*Mr. Knopek:* I just got—took the checks from Todd, made them out, and cashed them at the bank here.

"*The Court:* Did you know it was a bad check when you did it?

"*Mr. Knopek:* Yes, I did.

"*The Court:* You knew it was a parole violation?

"*Mr. Knopek:* Yes.

"*The Court:* You're already subjected to a 14-year sentence for the same thing.

"*Mr. Knopek:* Yes, sir.

"*The Court:* Why did you do it?

"*Mr. Knopek:* Well, see, it was—me and Todd were living together at the time this occurred. I was working down at the A & W, and when I moved in the house with him, living out there with these people, I lost my

job simply because I was running around with him. See, he was down there causing a lot of trouble.

"*The Court:* Who is 'he'?

"*Mr. Knopek:* Todd Hosner. And I just needed some money to get things I wanted.

"*The Court:* All right, Mr. Knopek. You knew the check—it was a forged check; you forged it and cashed it?

"*Mr. Knopek:* Yes, sir.

"*The Court:* The greater includes the lesser, so I will accept your plea of guilty to attempted uttering and publishing a forged instrument or forged check, with intent to commit larceny."

From the foregoing questions to the defendant by the court and the defendant's answers, we determine that there was a substantial factual basis for the acceptance of the plea of guilty. The crime and the defendant's participation in that crime were both established.

## II

Should the defendant's sentence be vacated and the defendant remanded for sentencing because the trial judge considered defendant's juvenile record when imposing sentence?

It is true that the trial judge did consider the juvenile record of the defendant when determining the motion to reduce bailbond. Whether the trial judge used the juvenile record of the defendant at the time of sentencing we do not know.

Our Court does not have a unanimous view on this issue. The foundation case *People v Coleman,* 19 Mich App 250 (1969), is authority for the rule that the trial court may review a defendant's juvenile record in determining the sentence to be imposed; that the trial court in considering the juvenile record of a defendant in determining a

proper sentence is not in violation of MCLA 712A.23; MSA 27.3178(598.23). In *People v Mc-Farlin,* 41 Mich App 116 (1972), a panel of this Court declined to follow *Coleman, supra,* and ruled it constituted reversible error for a judge to consider a juvenile record in determining sentence. We choose to follow *People v Coleman, supra,* and *People v Pence,* 42 Mich App 215 (1972), for the reasons stated in said opinions. We therefore find no error, whether or not the trial judge considered the juvenile record of the defendant in determining a proper sentence.

### III

Should the defendant's sentence be corrected because the minimum sentence imposed by the trial judge exceeded two-thirds of the statutory maximum sentence?

This issue is governed by *People v Tanner,* 387 Mich 683, 690 (1972), wherein it is stated:

"Convinced as we are, that a sentence with too short an interval between minimum and maximum is not indeterminate, we hold that any sentence which provides for a minimum exceeding two-thirds of the maximum is improper as failing to comply with the indeterminate sentence act."

In *People v Alvin Reed,* 43 Mich App 556, 558 (1972), we stated as follows:

"It is our opinion that *Tanner* is applicable to any sentence imposed after July 26, 1972, and to any case in which an appeal was pending on July 26, 1972, and the *Tanner* issue was briefed at any time during pendency of the appeal."

In the instant case defendant has properly

raised the *Tanner* issue in his post-conviction brief. Accordingly we exercise the power granted to us in GCR 1963, 820.1(7), in ordering defendant's minimum sentence reduced to 40 months.

Affirmed, as modified.

All concurred.