PEOPLE v WRIGHT

CRIMINAL LAW—SENTENCES—MINIMUM SENTENCE—MAXIMUM SEN
TENCE—CASE LAW—PROSPECTIVE APPLICATION—INDETERMINATE
SENTENCE ACT.

A decision of the Michigan Supreme Court which holds that the
minimum of a sentence under the indeterminate sentence act
may not exceed two-thirds of the maximum sentence is prospectively limited and sentences imposed prior to the date of that
decision and not pending on appeal on the date of that decision
are not to be affected by the rule stated in that case.

Appeal from Recorder's Court of Detroit, Vincent J. Brennan, J. Submitted Division 2 February
12, 1974, at Detroit. (Docket No. 16652.) Decided
May 2, 1974. Leave to appeal denied, 392 Mich
774.

Leroy Wright was convicted of manslaughter.
Defendant appeals by leave granted. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Arthur N.
Bishop,* Assistant Prosecuting Attorney, for the
people.

*Carl Ziemba,* for defendant on appeal.

Before: LESINSKI, C. J., and McGREGOR and T. M.
BURNS, JJ.

PER CURIAM. On November 2, 1967, defendant

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 540, 592, 614.

pled guilty to manslaughter pursuant to MCLA 750.321; MSA 28.553. He was sentenced to a term of 14 to 15 years on November 16, 1967, and appealed. On appeal defendant alleged that his sentence was in violation of MCLA 769.8; MSA 28.1080, the indeterminate sentence law. This Court affirmed. See *People v Wright,* 14 Mich App 242; 165 NW2d 487 (1968).

On January 19, 1973, defendant brought a post-conviction motion in the trial court to set aside his plea alleging failure to comply with *People v Butler,* 387 Mich 1; 195 NW2d 268 (1972), and *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972), which motion was denied. Delayed leave to appeal was granted on May 31, 1973, by this Court, limited to the question of whether or not defendant's sentence of 14 to 15 years is in violation of the indeterminate sentence law, MCLA 769.8; MSA 28.1080 and *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972).

Defendant contends that the principle enunciated in *Tanner* should be applied retroactively to invalidate his sentence of 14 to 15 years.

In *People v Tanner, supra,* the Court said:

"Based upon the principles analyzed and discussed in *People v Hampton,* 384 Mich 669 (1971), we hold that the decision herein is prospectively limited to those cases in which sentence is to be or has been imposed after date of filing of this opinion and to those cases which on date of filing this opinion are pending on appeal and which have properly raised and preserved the issue for appeal. Sentences imposed prior to date of this decision and not pending on appeal upon properly preserved specific issue shall not be affected by the rule herein adopted."

In *People v Knopek,* 47 Mich App 530, 534; 209 NW2d 722 (1973), quoting *People v Alvin Reed,* 43

Mich :App 556, 558; 204 NW2d 319 (1972), we stated as follows:

" 'It is our opinion that *Tanner* is applicable to any sentence imposed after July 26, 1972, and to any case in which an appeal was pending on July 26, 1972, and the *Tanner* issue was briefed at any time during pendency of the appeal.' "

The Michigan Supreme Court declared in *Tanner* that its decision in that case would be "prospectively limited" and sentences imposed prior to the date of that decision and not pending on appeal are not to be affected by the rule stated in that case. Thus, since defendant's sentence was not pending on appeal at the time *Tanner* was decided, we are unable to give defendant the benefit of the rule enunciated in *Tanner.*

Affirmed.