PEOPLE *v.* MANKEL.

1. INDICTMENT AND INFORMATION—SUFFICIENCY OF CHARGE—STATUTES.

   The precise words employed in a statute need not be used in charging an offense thereunder, other words of equivalent meaning being sufficient.

2. STATUTES—CRIMINAL LAW.

   Terms of statutes setting forth the elements of criminal offenses are construed according to ordinary usage and common sense.

3. SAME—LEGISLATORS NOT LEXICOGRAPHERS.

   Legislators are not required to be lexicographers.

4. SAME—CONSTRUCTION.

   Statutes are not to be judicially examined as exercises in etymological or philological refinements.

5. INDICTMENT AND INFORMATION—MEDICAL CARE FOR INFANTS—SHELTER.

   Information which charged defendant with having failed to provide medical attention to his 3-year-old child by failing to obtain the services of a physician while the child was mortally injured *held,* not to charge an offense under statute making it unlawful for a parent to negligently deprive a child under the age of 16 years of necessary food, clothing, or *shelter* (CLS 1961, § 750.136).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 27 Am Jur, Indictments and Informations § 101.
[2] 14 Am Jur, Criminal Law § 20.
     50 Am Jur, Statutes § 413.
[3] 50 Am Jur, Statutes § 260.
[4] 50 Am Jur, Statutes § 225 *et seq.*
[5] 27 Am Jur, Indictments and Informations § 51 *et seq.*

Appeal from Kent; VanderWal (John H.), J. Submitted June 3, 1964. (Calendar No. 17, Docket No. 50,441.) Decided September 2, 1964.

Gerard Mankel was charged with depriving his daughter of medical attention. Motion to dismiss denied. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *George T. Krupp,* Assistant Prosecuting Attorney, for the people.

*Roach, Smolenski & Twohey (Robert A. Benson,* of counsel), for defendant.

O'HARA, J. In this case we examine an information to determine whether what is contained therein alleges a crime to have been committed by him, of whose alleged conduct the court was informed.

We consider no facts. We take as true those set forth in the information. It says:

"James K. Miller, prosecuting attorney for the county of Kent, aforesaid, for and in behalf of the People of the State of Michigan, comes into said court, in the December term thereof, A.D., 1962, and gives it here to understand and be informed that one Gerard Mankel, of the county of Kent, on, to-wit, the 23d day of January, 1963, at the township of Paris, county of Kent aforesaid and on divers other times and days between that date and the 25th day of January, 1963, Gerard Mankel being then and there the father of a certain child, to-wit: Shawn Allen Mankel of the age of 3 years and under whose protection said child was, did then and there wilfully, unlawfully and negligently deprive said child of the necessary food, clothing *and medical attention,*

*in that he failed to obtain the services of a physician
while the said Shawn Allen Mankel was mortally
injured,* contrary to [CLS 1961, § 750.136] Stat Ann
[1962 Rev] § 28.331, contrary to the statute in such
case made and provided, and against the peace and
dignity of the people of the State of Michigan."
(Emphasis supplied.)

The statute* said to have been violated, reads:

"Any parent  *  *  *  under whose protection any
child may be, who  *  *  *  unlawfully punishes or
wilfully, unlawfully or negligently deprives of neces-
sary food, clothing or shelter  *  *  * a child under
16 years of age  *  *  *  shall upon conviction, be
deemed guilty of a felony."

Be it well noted and clearly understood, we do not
decide here what offense *could* have been charged
under the statute within the facts alleged. We decide
a narrow issue, as we must, under the wording
chosen by the people. We decide whether the allega-
tion that the accused "wilfully, unlawfully and negli-
gently deprived said child of the necessary food,
clothing and *medical attention, in that he failed to
obtain the services of a physician while said [child]
was mortally injured,*" *charged an offense under this
statute.* (Emphasis supplied.)

The trial judge held it did and denied a motion
to quash. We granted leave to appeal.

The people chose to substitute the words "medical
attention  *  *  *  while mortally injured" for the
third statutory disjunctive—"shelter." The question
therefore becomes whether the generic term "shelter"
includes the specific term (necessary) "medical at-
tention." It is settled that the precise words em-
ployed in the statute need not be used in charging
an offense. Other words of equivalent meaning are
sufficient. See *People* v. *Covelsky,* 217 Mich 90, 101.

---

* CLS 1961, § 750.136 (Stat Ann 1962 Rev § 28.331).

We must here apply the rule of ordinary usage and common sense. Legislators are not required to be lexicographers. Statutes are not to be judicially examined as exercises in etymological or philological refinements.

Simply put the question is: In ordinary parlance does "shelter" mean "medical attention?" We think not. However monstrous, morally indefensible, and socially shocking the accused's conduct, if established under the requirements of judicial proof, may have been, that conduct was not rendered statutorily illegal by the particular enactment here involved. If the legislature intended that "medical attention" should have been included within the purview of this act, it is beyond our credence that so obvious an incident to child care would not have been specifically included. All this we say, with acknowledged deference to those of our free society who may entertain religious convictions to the contrary. Mayhap this, too, had legislative consideration.

The order denying the motion to quash the information is vacated, the case is remanded with instructions to grant the defendant's motion to quash.

Kavanagh, C. J., and Dethmers, Kelly, Black, Souris, Smith, and Adams, JJ., concurred.