### PEOPLE v ALVIN REED

1. CRIMINAL LAW—INSTRUCTIONS TO JURY—INSANITY—CONSEQUENCES.

    It is not error for the trial judge to fail to instruct the jury *sua sponte* as to the consequences of a finding of not guilty by reason of insanity.

2. CRIMINAL LAW—SENTENCE—INDETERMINATE SENTENCE.

    The decision of the Michigan Supreme Court interpreting the indeterminate sentence act, that a minimum sentence in excess of two-thirds of the maximum sentence is improper, is applicable to any sentence imposed after July 26, 1972, and to any case in which an appeal was pending on July 26, 1972, and in which the issue was briefed at any time during the pendency of the appeal (MCLA 769.8, 769.9).

Appeal from Iosco, Allan C. Miller, J. Submitted Division 3 October 11, 1972, at Grand Rapids. (Docket No. 13461.) Decided October 26, 1972. Leave to appeal denied, 389 Mich 760.

Alvin E. "Jack" Reed was convicted of manslaughter. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Kenneth J. Myles,* Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, and *James R. Neuhard* and *Stuart M. Israel,* Assistant Defenders, for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial §§ 650, 661, 662.

  21 Am Jur 2d, Criminal Law §§ 63, 68.

[2] 21 Am Jur 2d, Criminal Law §§ 540, 581, 592.

Before: HOLBROOK, P. J., and R. B. BURNS and TARGONSKI,* JJ.

R. B. BURNS, J. Defendant was charged with murder in the first degree. MCLA 750.316; MSA 28.548. He pleaded not guilty by reason of insanity and was convicted by a jury of manslaughter. MCLA 750.321; MSA 28.553.

Defendant claims the trial court erred by not instructing the jury *sua sponte* on the consequences of a verdict of not guilty by reason of insanity.

Prior to *People v Cole,* 382 Mich 695 (1969), Michigan held that post-verdict consequences should not enter into the jurors' deliberation, and courts did not inform juries of the possible punishment.

Johnnie L. Cole was tried and convicted of second-degree murder. MCLA 750.317; MSA 28.549. He had pleaded not guilty by reason of insanity. After several hours of deliberation the jury submitted a question to the trial judge, "Will a verdict of not guilty by reason of insanity insure the defendant of immediate release without further treatment in an institution?" The judge replied, "I am sorry, I cannot answer this question".

The Michigan Supreme Court held "Where the defense of insanity is present and that issue is made submissible by the proofs, the defendant, upon his own timely request, or upon request of the jury, shall be entitled to an instruction * * * ". *People v Cole, supra,* 720–721.

Defendant asks that we enlarge this exception to the general rule and require trial judges to inform juries as to the consequences of a finding of "not

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

guilty by reason of insanity" whether requested or not.

While, as in the *Cole* case, many juries may not be cognizant of the consequences of such a verdict and it might be laudable to give such an instruction, the Michigan Supreme Court has not stated such a requirement.

The trial judge did not err by failing to instruct the jury *sua sponte* as to the consequences of such a verdict.

Defendant also claims that there was no evidence to support a conviction on the charge of manslaughter, and that it was error for the trial judge to instruct the jury on manslaughter. A review of the record indicates sufficient evidence for such an instruction.

Defendant received a sentence of 12 to 15 years. If *People v Tanner,* 387 Mich 683 (1972), is applicable to the instant case, defendant is entitled to have his minimum sentence reduced to ten years. It is our opinion that *Tanner* is applicable to any sentence imposed after July 26, 1972, and to any case in which an appeal was pending on July 26, 1972, and the *Tanner* issue was briefed at any time during the pendency of the appeal. In the instant case counsel for defendant filed a supplemental brief with this Court fully briefing the *Tanner* issue. Accordingly, we exercise the power granted to us by GCR 1963, 820.1(7) and order defendant's minimum sentence reduced to ten years.

Affirmed.

All concurred.