PEOPLE v LOVETT

1. CRIMINAL LAW—GUILTY PLEA—FACTUAL BASIS—PRELIMINARY EX-
AMINATION—STATUTES—COURT RULES.

A trial court is required to derive the factual basis for a guilty
plea directly from the defendant or through testimony devel-
oped at a full adversarial trial, and not from the transcript of a
preliminary examination; however, a guilty plea will not be set
aside because a trial judge used the preliminary-examination
transcript to establish part of the factual basis for a guilty plea
where the facts adduced at the guilty-plea proceedings estab-
lished a factual basis for the plea apart from the preliminary-
examination transcript (MCLA 768.35; GCR 1963, 785.7).

2. HOMICIDE—NEGLIGENT HOMICIDE—SPEEDING—IMMODERATE RATE OF
SPEED—STATUTES.

The fact that a defendant in a trial for negligent homicide had
been exceeding the speed limit is not sufficient, in and of itself,
to establish that he had been operating his vehicle at an
immoderate rate of speed (MCLA 750.326).

3. HOMICIDE—NEGLIGENT HOMICIDE—GUILTY PLEA—FACTUAL BASIS—
SPEEDING—PROPER LOOKOUT.

A factual basis for a guilty plea to a charge of negligent homicide
was established where it was shown that the defendant was
driving his automobile in excess of the speed limit, he failed to
maintain a proper lookout, he was unable to stop his vehicle in
time to avoid a collision, and he hit the deceased's car from the
rear with enough force to cause injuries resulting in death.

Appeal from Monroe, James J. Kelley, Jr., J.
Submitted Division 2 November 12, 1974, at Lans-
ing. (Docket No. 19020.) Decided January 28, 1975.

John H. Lovett was convicted, on his plea of

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 440–451.
[2, 3] 40 Am Jur 2d, Homicide §§ 91–101.

guilty, of negligent homicide. Defendant appeals.
Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *James J. Rostash,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Edward R. Wilson,* Director, and *Howard C. Marderosian,* Special Assistant Attorney General, of counsel), for the people.

*Dennis H. Benson,* Assistant State Appellate Defender, for defendant.

Before: BRONSON, P. J., and D. E. HOLBROOK and V. J. BRENNAN, JJ.

V. J. BRENNAN, J. Defendant, John Lovett, was charged with manslaughter (MCLA 750.321; MSA 28.553), in connection with the death of Nancy Marie Wolf which occurred as a result of an automobile accident on November 6, 1972. Defendant pled guilty to an added count of negligent homicide (MCLA 750.324; MSA 28.556), and was sentenced to from 16 to 24 months in prison. Defendant now appeals.

On June 27, 1973, defendant offered a plea of guilty to the added count of negligent homicide. The trial court rejected this plea, however, because the facts elicited during the questioning of defendant did not establish a factual basis for the plea. The case was thereupon set for trial.

On September 21, 1973, when the parties appeared for the pretrial conference, defendant's attorney informed the court that defendant again would like to offer a plea of guilty to the added charge. The trial judge proceeded to question defendant as to his desire to plead guilty and as to what occurred on the day of the accident. The trial

judge also asked defendant if he remembered the preliminary examination and whether he was satisfied that the witnesses there testified truthfully. Defendant answered both questions in the affirmative. After receiving assurances from both the defense counsel and the prosecuting attorney that the testimony adduced at the preliminary examination was admissible evidence for plea-taking purposes, the trial judge adjourned the proceedings to give himself an opportunity to read the preliminary-examination transcript. Having done so, the trial judge returned to the courtroom, asked defendant a few more questions, satisfied the remaining requirements of GCR 1963, 785.7 and then accepted defendant's plea.

Defendant contends that the trial judge's use of the preliminary-examination transcript at the guilty-plea proceeding requires the reversal of his conviction. We disagree.

In *People v Schneff,* 392 Mich 15; 219 NW2d 47 (1974), our Supreme Court held that it was error for a trial judge to use a preliminary-examination transcript to establish part of the factual basis for a plea of guilty.[1] After examining previous decisions which dealt with establishing a factual basis, the Court stated:

"It is our opinion that MCLA 768.35; MSA 28.1058 requires the trial court to derive the factual basis for a guilty plea directly from defendant or through testimony developed at a full adversarial trial."[2]

---

[1] The fact that defendant's attorney consented to the procedure here employed does not serve to eliminate the error or require a different analysis. The same was also true in *Schneff* but the Court stated that this did not affect the result because the procedures required in the plea process "may not be waived by the defendant". *People v Schneff,* 392 Mich 15, 26, fn 3; 219 NW2d 47, 53 (1974).

[2] *People v Schneff, supra,* at 25–26; 219 NW2d at 53 (footnote omitted).

The Court did not, however, reverse defendant Schneff's conviction. The Court held that sufficient facts were adduced from defendant's testimony at the guilty-plea proceeding, apart from those contained in the preliminary-examination transcript, to provide a factual basis for the plea. The Court therefore affirmed the acceptance of defendant's plea of guilty. See also, *People v Zuniga,* 56 Mich App 231; 223 NW2d 652 (1974). While *Schneff* involved a guilty plea which was accepted before the effective date of the new court rule, the standard by which the case at bar must be judged, we do not find anything in the new court rule which requires that we follow a different procedure.[3] Accordingly, we shall proceed to examine the facts adduced at the guilty-plea proceeding, apart from those contained in the preliminary-examination transcript, to determine whether a factual basis for defendant's plea was established.

At the time defendant offered his plea of guilty he testified that on November 6, 1972, he was operating a motor vehicle on Riverview Avenue in the City of Monroe, Michigan at a speed of approximately 30 miles per hour. The speed limit in this area was stated to be 25 miles per hour. Defendant stated that as he was driving down Riverview Avenue he struck a car driven by the deceased in the rear end. When questioned about how the

---

[3] GCR 1963, 785.7(3) provides, in relevant part:

"(3) Determining Factual Basis for Plea.

\* \* \*

"(b) The court shall not accept a plea of guilty until it is satisfied that a crime was committed and, through personal interrogation of the defendant, that defendant participated therein.

"(c) If defendant's description of his actions and any otherwise admissible evidence presented to the court on the record during the plea taking proceedings would not substantially support a finding that defendant is in fact guilty of the charged offense or the offense to which he is pleading, the plea shall be rejected by the court."

accident occurred, defendant stated that the deceased must have pulled out from in front of another car because he didn't see her. When questioned further he stated that the deceased's car was on the street in front of him but that he didn't see it. He acknowledged, however, that he did hit her and that her death was due to the injuries she suffered as a result of the accident. The question becomes, therefore, whether the above facts establish a factual basis for a plea of guilty to negligent homicide. We believe this question must be answered in the affirmative.

Defendant was driving his automobile in excess of the speed limit established for the area and hit the deceased's car in the rear with enough force to cause injuries severe enough to result in death. While the fact that defendant exceeded the speed limit is not sufficient, in and of itself, to establish that defendant was operating his vehicle "at an immoderate rate of speed", MCLA 750.326; MSA 28.558; *People v Spence,* 250 Mich 573; 231 NW 126 (1930), we feel that the fact of his speeding, when considered together with the facts that defendant failed to maintain a proper lookout and was unable to stop his vehicle in time, provided a sufficient factual basis for this plea. Important to our decision in this regard are the facts that defendant hit the deceased's vehicle in the rear and that defendant could only offer a possible explanation of where the deceased came from. These facts adequately show that defendant simply was not maintaining a proper lookout and that, because of this and because of his speed, he was unable to stop in time. On the basis of these facts we hold there was a sufficient factual basis for defendant's plea and affirm his conviction. See *People v Fedderson,* 327 Mich 213; 41 NW2d 527 (1950).

By way of a supplemental brief filed in this Court defendant seeks to raise an additional argument. Since the issue presented therein was recently decided adversely to defendant's position by our Supreme Court in the case of *People v Milton*, 393 Mich 234; 224 NW2d 266 (1974), it is clear that defendant's claims in this regard no longer have any merit.

Conviction affirmed.