PEOPLE v FARRIS

OPINION OF THE COURT

1. DRUGS AND NARCOTICS—CONSTITUTIONAL LAW—STATUTES—CON-
   TROLLED SUBSTANCES ACT—CRIMINAL LAW—CRIMINAL INTENT—
   PRESUMPTIONS—DEFENSES—SELF-INCRIMINATION.

   The statutory presumption section of the Controlled Substances
   Act of 1971 which provides that possession of more than two
   ounces of marijuana is prima facie evidence of possession with
   intent to deliver is constitutionally infirm because there is no
   rational connection between the proven fact of possession of
   two ounces or more of marijuana and the presumed fact of
   intent to deliver, and such a statutory presumption impermissi-
   bly compromises the privilege against self-incrimination (US
   Const, Am V; Const 1963, art 1, § 17; MCLA 335.341[2]).

2. DRUGS AND NARCOTICS—CRIMINAL LAW—CONTROLLED SUBSTANCES
   —INTENT—PRESUMPTIONS—INFERENCES.

   Possession of large amounts of a controlled substance will give
   rise, without the artificial boost of a presumption, to an infer-
   ence that the person possessing it intended to deliver it.

3. DRUGS AND NARCOTICS—CRIMINAL LAW—GUILTY PLEA—FACTUAL
   BASIS—CONTROLLED SUBSTANCES—MARIJUANA—INTENT—QUAN-
   TITY—APPEAL AND ERROR.

   A trial judge, when considering an offered plea of guilty, is
   required both to assure himself that facts supportive of guilt
   are adduced and to satisfy himself that the crime was in fact
   committed by the defendant; the acceptance of a plea of guilty
   of possession of marijuana with intent to deliver will not be
   upheld on appeal where the record reveals that the judge
   impermissibly considered the quantity of marijuana seized as a
   substitute for the element of intent.

4. CRIMINAL LAW—COURTS—GUILTY PLEA—FACTUAL BASIS—DEFEND-
   ANT RECITATION—APPELLATE REVIEW—COURT RULES.

   A trial court is required by statute and court rule to derive the

REFERENCE FOR POINTS IN HEADNOTES

[1–5] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 40 *et seq.*

factual basis for a guilty plea directly from defendant or through testimony developed at a full adversarial trial; a complete recitation of facts from the defendant should be obtained on the record to provide for increased appellate certainty when reviewing challenged guilty pleas (MCLA 768.34; GCR 1963, 785.7[3] [b]).

DISSENT BY T. M. BURNS, P. J.

5. DRUGS AND NARCOTICS—CRIMINAL LAW—MARIJUANA—INTENT—
   PRESUMPTIONS—INFERENCES—HARMFUL EFFECTS—JUDGES—
   JURY.

   *A recent opinion of the Court of Appeals, holding that while it may not be presumed that a person possessing two or more ounces of marijuana intended to deliver it a jury may readily infer such intent from possession of a large amount, does not go far enough in its attempt to throw out the harmful effects of the two-ounce presumption rule; neither a judge nor a jury may rely on the amount of a controlled substance possessed to determine whether a defendant had the intent to deliver.*

Appeal from Monroe, James J. Kelly, J. Submitted Division 2 January 16, 1975, at Lansing. (Docket No. 20329.) Decided May 29, 1975.

Mark A. Farris was convicted, on his plea of guilty, of possession of marijuana with intent to deliver. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James J. Rostash,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Edward R. Wilson,* Director, by *Lee W. Atkinson,* Special Assistant Attorney General), for the people.

*Marvin L. Berris,* for defendant on appeal.

Before: T. M. BURNS, P. J. and D. E. HOLBROOK and M. J. KELLY, JJ.

M. J. KELLY, J. Defendant was charged with and pled guilty to possessing a controlled substance, marijuana, with intent to deliver; MCLA 335.341(1)(c); MSA 18.1070(41)(1)(c). He was sentenced to a prison term of 18 months to 4 years and appeals.

At the outset it is well to mention that defendant Farris pleaded guilty on February 1, 1974, at which time MCLA 335.341(2); MSA 18.1070(41)(2), had not as yet been challenged as far as constitutionality of the act was concerned. After this guilty plea *People v Serra,* 55 Mich App 514; 223 NW2d 28 (1974), was decided and found the act unconstitutional. This statement is made in fairness to the trial judge who did not have the benefit of *Serra* at the time the plea was taken.

The issue squarely before us entails deciding the applicability of *People v Serra, supra,* to a guilty plea proceeding. *Serra* held, and we agree, that the two-ounce presumption[1] embodied in MCLA 335.341(2); MSA 18.1070(41)(2) is unconstitutional. It impermissibly compromises the privilege against self-incrimination.[2]

"MCLA 335.341(2); MSA 18.1070(41)(2) is infirm in that there is no rational connection between the proven fact (possession of two ounces of marijuana) and the presumed fact (intent to deliver) in light of today's 'common experience'" *People v Serra,* 55 Mich App 514, 528; 223 NW2d 28, 35–36 (1974).

Proof of the crime of "possession with intent to deliver" does not require the crutch of a presumption.

[1] "Possession of more than two ounces of marijuana is prima facie evidence of possession with intent to deliver."

[2] US Const, Am V; Const 1963, art 1, § 17.

"Statutory presumptions are merely aids to expedite prosecution. Possession of large amounts of a controlled substance will give rise, without the artificial boost of a presumption, to an inference that the person possessing it intended to deliver it." *People v Serra, supra,* 55 Mich App 514, 520.

We are unable to say, from this record, that the trial judge inferred the intent to deliver from the large quantity ("it was pounds") possessed. We believe that, instead, the statutory presumption was on the trial judge's mind at the plea taking and at sentencing.

The following dialogue occurred while the plea was taken:

"*MR. FARRIS [defendant]:* I believe October 5th or 6th, yes, October 6th, I was arrested for possession with intent to deliver marihuana.

"*THE COURT:* That is the charge against you, that you did possess it unlawfully with intent to deliver it.

"*MR. FARRIS:* And I'm pleading guilty.

"*THE COURT:* Well, did you possess marihuana on that date?

"*MR. FARRIS:* Yes.

\* \* \*

"*THE COURT:* And how much—what was the answer, yes?

"*MR. FARRIS:* It was over two ounces.

"*THE COURT:* Over two ounces?

"*MR. FARRIS:* Yes.

"*THE COURT:* About how many ounces was it?

"*MR. FARRIS:* Oh, I really couldn't tell you exactly. It was pounds.

"*THE COURT:* Pounds, plural?

"*MR. FARRIS:* Yes, sir.

"*THE COURT:* And there are what, sixteen ounces in a pound?

"*MR. FARRIS:* Yes, sir."

There is no doubt an equation was created. It appears to us, however, that the determinitive quantum was not "pounds" but the fact that it was over two ounces. It is clear from the appellant's response that he thought the crucial measure was two ounces. We believe both the appellant and the court were guided by the presumption.

Our conclusion is reinforced by the court's reference to the burden cast upon the accused to rebut the offending presumption (at sentencing):

"The Defendant, by his own admission, had in his possession a substantial quantity of marihuana with the intent to deliver it. That is, he pled guilty to that offense, and no attempt *[sic]* to rebut the portion of the statute which gives rise to the presumption."

Defendant claims that the trial judge erroneously failed to determine the factual basis for the plea since there was nothing other than the two ounce presumption to indicate that he intended to deliver the marijuana. The people claim that, because of the amount involved, the intent to deliver is readily inferable.

Relevant portions of GCR 1963, 785.7(3) read:

"(b) The court shall not accept a plea of guilty until it is satisfied that a crime was committed and, through personal interrogation of the defendant, that defendant participated therein.

"(c) If defendant's description of his actions and any otherwise admissible evidence presented to the court on the record during the plea taking proceedings would not substantially support a finding that defendant is in fact guilty of the charged offense or the offense to which he is pleading, the plea shall be rejected by the court."

As we perceive the court rule, this subsection

provides a double protection to an accused. That is, a trial judge is required both to assure himself that facts supportive of guilt are adduced and to satisfy himself that the crime was in fact committed by the defendant.

In the instant case, the record reveals that the attention of the trial judge focused on the amount involved and not on defendant's intent. Although the people argue that the trial judge considered the quantity as circumstantial evidence of intent, the record reveals that the judge impermissibly considered the quantity as a substitute for the element of intent. If, as we held in *Serra,* it is irrational for a jury to presume intent solely from the fact that more than two ounces were possessed, it is equally improper for the plea taking judge to reach the same conclusion.

We reluctantly conclude that the record does not reveal the factual basis for a finding of specific intent to deliver. As was said in *People v Schneff,* 392 Mich 15, 25–26; 219 NW2d 47, 53 (1974):

"It is our opinion that MCLA 768.35; MSA 28.1058 [to the same effect as GCR 1963, 785.7(3)(b)] requires the trial court to derive the factual basis for a guilty plea directly from defendant or through testimony developed at a full adversarial trial. This procedure also provides the best method for assurance that a defendant understands the nature of the charge to which he is pleading. A complete recitation of facts from the defendant also provides for increased appellate certainty when reviewing challenged guilty pleas." (Footnote omitted.)

Reversed and remanded.

D. E. HOLBROOK, J., concurred.

T. M. BURNS, P. J. *(concurring in part, dissenting in part).* I concur with my brothers that this cause

must be reversed and remanded because of noncompliance with GCR 1963, 785.7(3), but I cannot agree with their position, based upon *People v Serra,* 55 Mich App 514, 223 NW2d 28 (1974), that the trial court would have been in compliance with the court rule if it had inferred the intent to deliver from the large quantity of marihuana possessed.

My quarrel is not with the majority's reasoning in the case at bar, but rather with this Court's opinion in *Serra.* I read *Serra* to say that a jury may readily infer that a person possessing a large amount of a controlled substance intended to deliver it.[1] I do not believe that the *Serra* Court intended such a reading, nor do I think that such an inference should be allowed. It is my opinion that neither a judge nor a jury may rely on the amount of a controlled substance possessed to determine whether a defendant had the intent to deliver.

It is true that *Serra* twice recognized that intent to deliver could be permissibly inferred from the quantity involved.[2] However, I do not believe that the *Serra* Court intended this to mean that a defendant could be convicted of the charge of possession with intent to deliver by merely showing that the defendant possessed a large amount of marihuana or any other controlled substance. Such a reading would totally obliterate the beneficial effects of *Serra's* holding that the two-ounce presumption rule is unconstitutional.

It is my opinion that in declaring the two-ounce presumption rule unconstitutional, the *Serra* Court inadvertently, through an unfortunate choice of words, actually strengthened that rule by

---

[1] My reading of *Serra* is based on excerpts of the opinion found on pages 520 and 525.

[2] *People v Serra, supra,* pp 520, 525.

implying that a jury could properly infer that a
person possessing a large amount of a controlled
substance intended to deliver it. If this be the true
meaning of *Serra,* then we have not denied "the
prosecutor the use of this evidentiary crutch", but
rather we have sanctioned its use to an extent
even greater than was employed before the *Serra*
opinion was issued.

To say that a jury may not presume intent from
the amount of a controlled substance possessed but
it may infer such intent is not only illogical and
ambiguous, but furthermore assumes that the av-
erage jury will be able to make the legal distinc-
tion between presumption and inference. Labels
alone are not sufficient to make the distinction.
Appellate courts, trial courts and advocates have
had difficulty over the years when attempting to
distinguish a presumption from an inference. If
the legal profession has had such difficulty, how
can we honestly expect a jury of laymen to be able
to do so?

It is my opinion that *Serra,* as written, is for all
intents and purposes, a legal nullity. The opinion
simply did not go far enough in its attempt to
throw out the harmful effects of the two-ounce
presumption rule. By allowing the jury to draw an
inference of intent from the mere fact of the
amount of a controlled substance possessed, the
*Serra* Court has placed defendant in the same
position that he was in before the *Serra* opinion
was released. The only evidence which can effec-
tively rebut the inference is the defendant's own
testimony as to his intent. This was true before
*Serra* and it is still true today. Thus, despite *Serra,*
a defendant is still compelled to take the stand in
violation of his right against self-incrimination

granted by both the United States[3] and the Michigan[4] Constitutions. I am sure that the members of the *Serra* Court did not intend such a result. Rather, I believe that the *Serra* Court intended their decision to encompass what I have mentioned in this opinion. That is, if it is irrational for a jury to presume intent solely from the fact that more than two ounces were possessed, it is equally irrational for a jury or a trial judge to infer the requisite intent from that fact. Attempting to effectively distinguish a presumption from an inference is an exercise in futility, particularly in cases tried before a jury. Neither the presumption nor the inference should be permitted.

I wish to make one more point before closing. The offense with which defendant was charged was possessing a controlled substance with intent to deliver. Intent to deliver is an element of this offense which should be proven by the prosecutor[5] just like any other element of any other offense, *i.e.,* by means of evidence. Prosecutions involving controlled substances do not require either a presumption or an inference to convince the trier of fact that the possessor intended something other than personal use. Regardless of the amounts at issue, the prosecution should be required to introduce evidence of the kind the prosecutor in *Serra* suggested the defendant should be forced to use, namely, expert witnesses and acquaintances of the defendant. The trier of fact will then be free to weigh the evidence on both sides and resolve the question before it without regard to presumptions or inferences of any kind.

[3] US Const, Am V.

[4] Const 1963, art 1, § 17.

[5] In reference to guilty pleas, I think that the better practice in accepting a guilty plea to a specific intent crime is for the trial court to ask the defendant point blank whether he entertained the illicit intent.

Because of the shortcomings of the *Serra* opinion, I would like to see this case pursued to our Supreme Court. However, because of the noncompliance with GCR 1963, 785.7(3), I concur in the result called for in the opinion of the majority.