PEOPLE v GARRICK SMITH

OPINION OF THE COURT

1. CRIMINAL LAW—PLEA OF GUILTY—FACTUAL BASIS—ADMISSIONS—
MANSLAUGHTER.

There was sufficient factual basis for the acceptance of a guilty
plea to manslaughter where the defendant admitted on the
record that he had committed the crime and that he had
stabbed two people, and although the record actually showed
that four people were stabbed, only one of whom died, the
record also showed that the defendant was the only person in
possession of a knife.

DISSENT BY LESINSKI, C. J.

2. CRIMINAL LAW—PLEA OF GUILTY—FACTUAL BASIS—MANSLAUGHTER
—MULTIPLE ASSAULTS—DEFENDANTS' ADMISSIONS.

*It is not necessary that a defendant detail on the record every*
*essential element of a crime to which he pleads guilty, but*
*there is not a sufficient factual basis for the acceptance of a*
*plea of guilty to manslaughter where the offense involved three*
*female stabbing victims, only one of whom died, the defendant*
*admitted stabbing only one woman, and there is nothing in the*
*record to indicate that the woman that defendant admitted*
*stabbing was the decedent.*

3. CRIMINAL LAW—PLEA OF GUILTY—INCULPATORY INFERENCES—SPEC-
ULATIONS—FACTUAL BASIS—AVOIDANCE OF DUTIES—SUBSTAN-
TIAL ERROR.

*A factual basis for the acceptance of a guilty plea exists if an*
*inculpatory inference can reasonably be drawn by a jury from*
*the facts admitted by the defendant even if an exculpatory*
*inference could also be drawn and defendant asserts the latter*
*is the correct inference; but mere speculation on the part of the*

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 21 Am Jur 2d, Criminal Law § 484 *et seq.*

Court's duty to advise or admonish accused as to consequences of
plea of guilty, or to determine that he is advised thereof. 97
ALR2d 549.

*trial court that the defendant committed the crime, without the establishment of a firm factual basis, calls into question the integrity of the plea-taking process and is an avoidance by the court of its mandated duties, constituting substantial error.*

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted April 11, 1975, at Detroit. (Docket No. 20477.) Decided April 5, 1976.

Garrick G. Smith was convicted, on his plea of guilty, of manslaughter. Defendant appeals by leave granted. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William A. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Gerald S. Surowiec,* for defendant on appeal.

Before: LESINSKI, C. J., and R. B. BURNS and M. J. KELLY, JJ.

R. B. BURNS, J. The defendant appeals the trial court's denial of his motion to vacate his sentence and set aside his plea of guilty to the added count of manslaughter. MCLA 750.321; MSA 28.553. We affirm.

The court advised and informed the defendant of his rights, as provided by GCR 1963, 785.7.

While the court was taking the defendant's plea, the record indicates the following questions and answers:

*"The Court:* Why are you pleading guilty to killing Constance Richards * * * ?

*"Defendant:* Because I did it.

*"The Court:* Well, did you do it?

*"Defendant:* I did. I blacked out, and I stabbed the girl."

Later the record indicates the following:

*"Defendant:* I remember stabbing two people, Ricky Richards and stabbing the girl."

The record actually shows the defendant stabbed four people, one man and three women. One woman died. The record also shows that at the time of the stabbing the defendant was the only person in possession of a knife.

The judge ascertained a sufficient factual basis to accept the defendant's plea of guilty.

Affirmed.

M. J. KELLY, J., concurred.

LESINSKI, C. J. *(dissenting).* I cannot agree with the majority's statement that the judge ascertained a sufficient factual basis to accept the plea.

In what appears to have been a "rumble" involving defendant, his girlfriend and a hostile group of people, four persons, a man and three women, were stabbed. One woman, Constance Richards, died from her wounds. Contrary to the majority's assertion, the record does not *show* that defendant stabbed four people. The judge, in questioning defendant, refers to the report that defendant stabbed four people:

*"The Court:* But you remember stabbing two. The *police report* shows that you stabbed four.

*"Defendant:* I remember stabbing two. I stabbed the girl. Which one of the girls it was, I don't know;

because I didn't know them, and I still don't know them." (Emphasis supplied.)

Defendant admitted to stabbing a man and a woman. The record of the plea proceeding does not, however, disclose any statement by defendant which would support a conclusion that the woman he recalled stabbing had died. There is no basis to assume that defendant admitted stabbing the decedent, Constance Richards, when he told the court he stabbed "the girl". The record indicates *less* than the majority implies:

"*The Court:* You don't know her; you don't know which one Constance was?

"*Defendant:* No, I don't.

"*The Court:* You also stabbed Phylandra Green, didn't you?

"*Defendant:* Who?

"*The Court:* They say you stabbed four different people; Phylandra Green, Deborah White, Rickey Richards, and of course you stabbed Constance Richards which resulted in death.

"*Defendant:* I remember stabbing two people, Rickey Richards and stabbing the girl. Which one of the girls it was, I don't know."

The record also does not show that at the time of the stabbing the defendant was the only person in possession of a knife. Its only reference to weapons are defendant's statements that "they" had sticks. Although the decedent's sister testified at preliminary examination that she didn't see anyone else with a knife, preliminary examination testimony cannot be used to establish the factual basis of a guilty plea. *People v Schneff,* 392 Mich 15; 219 NW2d 47 (1974).

Against the background of three female stabbing victims, only one of whom died, the court should

not have been satisfied with defendant's admission that he had stabbed one woman as a basis for a plea of guilty to an added count of manslaughter. There was no factual basis for the court to conclude that the woman defendant admitted stabbing was the decedent. It is equally possible that the woman defendant admitted stabbing was not the decedent. It should also be noted that there was no indication that criminal culpability could be assigned defendant because of the actions of another participant.

It is not necessary that defendant detail every essential element of the crime to which he pleads. The Supreme Court has recently recognized that the court, in determining whether defendant's plea has a sufficient factual basis, may use reasonable inferences to supply an element of the crime not admitted by defendant. "A factual basis for acceptance of a plea exists if an inculpatory inference can reasonably be drawn by a jury from the facts admitted by the defendant even if an exculpatory inference could also be drawn and defendant asserts the latter is the correct inference." *Guilty Plea Cases,* 395 Mich 96, 130; 235 NW2d 132 (1975).

What the trial court has done here cannot be characterized as reasonably drawing an inculpatory inference. It was mere speculation that defendant caused the death of Constance Richards. The plea of guilty to manslaughter should not have been accepted.

I offer no opinion here on the merits or demerits of the plea bargaining process. It exists and no one can reasonably envision our criminal justice system being without it. But our acceptance of plea bargaining as an unavoidable aspect of the criminal justice system should not prevent us from

being aware of the unique dangers it presents. We must make certain that this truncated process for resolving criminal charges contains essential safeguards.

Plea taking is an aspect of our legal system that does not rely upon confrontation to bring forth truth. Before the judge the adversaries, having previously worked out a bargain, are cooperative, not combative. The burden that this lack of adversary conflict, believed to be the best method of bringing out the facts, places upon the court has long been recognized in Michigan.

"The Legislature of 1875, having in some way had their attention called to serious abuses caused by procuring prisoners to plead guilty when a fair trial might show they were not guilty, or might show other facts important to be known, passed a very plain and significant statute designed for the protection of prisoners and of the public. It was thereby enacted as follows:

" 'That whenever any person shall plead guilty to an information filed against him in any circuit court, it shall be the duty of the judge of such court, before pronouncing judgment or sentence upon such plea, to become satisfied, after such investigation as he may deem necessary for that purpose, respecting the nature of the case, and the circumstances of such plea, that said plea was made freely, with full knowledge of the nature of the accusation, and without undue influence. And whenever said judge shall have reason to doubt the truth of such plea of guilty, it shall be his duty to vacate the same, direct a plea of not guilty to be entered, and order a trial of the issue thus formed.' Pub. Acts, 1875, p 140.

"It is impossible to regard this statute as merely directory. It does not occur in the midst of other provisions among which it might have been inserted without much attention. It is a single provision in a statute referring to nothing else, and such a statute cannot be regarded as passed without some strong occasion." *Edwards v People,* 39 Mich 760, 761–762 (1878).

The legislative mandate, essentially unchanged after a century, remains in our statutes. MCLA 768.35; MSA 28.1058.

The rules on plea taking formulated by the Supreme Court (GCR 1963, 785.7), set out the trial court's duty even more explicitly:

"(3) Determining Factual Basis for Plea.

"(a) The court shall not accept a plea of guilty or nolo contendere until it is satisfied that a crime was committed.

"(b) The court shall not accept a plea of guilty until it is satisfied that a crime was committed and, through personal interrogation of the defendant, that defendant participated therein.

"(c) If defendant's description of his actions and any otherwise admissible evidence presented to the court on the record during the plea taking proceedings would not substantially support a finding that defendant is in fact guilty of the charged offense or the offense to which he is pleading, the plea shall be rejected by the court."

The requirement that the court satisfy itself with the truth of defendant's plea serves both the public and the defendant. In addition to its broader interest in seeing that only the guilty are punished, the public's interest in speedy yet effective justice is not furthered when a court's acceptance of a plea without a firm factual basis calls into question the integrity of the plea taking process. The appearance of expediency as the court's main concern will cause skepticism and a possible hesitancy to utilize plea bargains. The acceptance of the plea of guilty in this case undermines the guilty plea process in this state.

I cannot take lightly what I consider to be the avoidance by the court below of its mandated duties. The error here was a substantial one, not merely a formal deviation. I think it not trite to

say that the court must view itself as the guardian of the defendant in the nonadversary plea proceeding. The court must protect the defendant against the possibility that he will enter a plea of guilty to a crime greater than the one he committed. Protection against that possibility was not afforded defendant in this case.

Reviewing the record, I find myself asking, as the trial court should have asked, whether the prosecution was in a position to prove that defendant committed the manslaughter of Constance Richards. The preliminary examination transcript does not indicate a very strong case. Only one witness testified at the preliminary examination. This case appears to be one where justice would have been best served by a trial at which the prosecution would be required to prove beyond a reasonable doubt that defendant did in fact commit the crime.

I would remand the cause to allow defendant to withdraw his plea and, since I view the plea as void, to stand trial on the original charge. In the alternative, and subject to defendant's consent, an evidentiary hearing should be held to determine whether defendant did in fact stab Constance Richards. If at the hearing the prosecution cannot establish this fact by competent substantial evidence, the manslaughter conviction should be set aside and the defendant ordered to stand trial on the charge of manslaughter.