PEOPLE v SICKMILLER

Docket No. 77-2308. Submitted October 5, 1978, at Grand Rapids.—
Decided November 28, 1978.

Donald R. Sickmiller was convicted, on his plea of nolo conten-
dere, of second-degree criminal sexual conduct, Wexford Circuit
Court, William R. Peterson J. Defendant appeals, alleging that
the trial court's failure to advise him that he might be charged
as an habitual offender resulted in a reversible error, and that
the case should be remanded because the trial court failed to
indicate on the record why a plea of nolo contendere would be
appropriate in this case. *Held:*

1. The failure to advise the defendant, who had previously
been convicted of a felony, that if his plea was accepted he
could be charged as an habitual offender and his sentence could
be increased was not reversible error where the defendant was
not in fact charged as an habitual offender.

2. The record indicates that sufficient reason existed for
acceptance of the plea of nolo contendere, and a remand for
supplementation of the record in this case would be a useless
formality.

Affirmed.

1. CRIMINAL LAW—PLEA-BASED CONVICTION—HABITUAL OFFENDERS—
COURT RULES.

A defendant's plea-based conviction may not be used as the final
or triggering offense in an habitual offender information unless

REFERENCES FOR POINTS IN HEADNOTES

[1] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 7,
19.
Propriety, under statute enhancing punishment for second or subse-
quent offense, of restricting new trial to issue of states as habit-
ual criminal. 79 ALR3d 826.

[2] 21 Am Jur 2d, Criminal Law §§ 497-502.
39 Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 7,
19.
Plea of nolo contendere or non vult contendere. 89 ALR2d 540.

[3] 21 Am Jur 2d, Criminal Law §§ 497-502.
Plea of nolo contendere or non vult contendere. 89 ALR2d 540.

at the plea-taking proceeding the trial court advises the defendant who has previously been convicted of a felony that upon acceptance of his plea he may be charged as an habitual offender and his sentence increased (GCR 1963, 785.7[1][c]).

2. CRIMINAL LAW—PLEA OF NOLO CONTENDERE—HABITUAL OFFENDERS.

The failure of a trial court to advise a defendant, while taking his nolo contendere plea, that if his plea were accepted he might be charged as an habitual offender and the maximum possible sentence increased was not reversible error where the defendant was not in fact charged as an habitual offender.

3. CRIMINAL LAW—PLEA OF NOLO CONTENDERE—REMAND.

A defendant's plea of nolo contendere was accepted for adequate reasons where the plea was the result of a plea bargain in which one count of the information was dismissed and the defendant was to have psychiatric evaluation prior to sentencing for an offense involving criminal sexual conduct.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Burton Hines, Jr.,* Prosecuting Attorney (by *Keith D. Roberts,* Assistant Attorney General, Prosecuting Attorneys Appellate Service), for the people.

*Terence R. Flanagan,* Assistant State Appellate Defender, for defendant on appeal.

Before: D. F. WALSH, P.J., and T. M. BURNS and C. J. BYRNS,* JJ.

PER CURIAM. Defendant, Donald R. Sickmiller, was convicted on his plea of nolo contendere of criminal sexual conduct in the second degree, MCL 750.520c; MSA 28.788(3). He was sentenced to a term of 10 to 15 years in prison and appeals.

Defendant first claims that his plea must be set aside because the trial judge failed to advise him that, if his plea was accepted, he might be charged

---

* Circuit judge, sitting on the Court of Appeals by assignment.

as an habitual offender and the maximum possible sentence increased. GCR 1963, 785.7(1)(c).

The claim is without merit. There is no showing that the defendant in this case has been charged as an habitual offender, *People v Jones,* 73 Mich App 91, 93; 250 NW2d 554 (1976), *People v Love,* 76 Mich App 379, 382; 256 NW2d 602 (1977). Since GCR 1963, 785.7(1)(c) requires that the trial court advise a defendant who has previously been convicted of a felony that if his plea of guilty is accepted, he may be charged as an habitual offender and his sentence increased, it follows that no plea-based conviction may be used as the final or triggering offense in an habitual offender information unless the required advice was given at the plea-taking proceeding.

Second, defendant claims that remand is required because the trial judge failed to state on the record why a plea of nolo contendere was appropriate in this case. We have carefully reviewed the record of the plea-taking proceeding. Defendant entered his plea pursuant to a plea agreement under which Count I of the information was dismissed and defendant was to have psychiatric evaluation prior to sentencing. The offense involved criminal sexual conduct. We are persuaded that defendant's nolo plea was accepted for adequate reasons and that a remand for supplementation of the record in this case would be a useless formality. See *People v Love,* 72 Mich App 413, 424; 250 NW2d 94 (1976).

Defendant's conviction is affirmed.