PEOPLE v FRAZIER

Docket No. 43521. Submitted March 10, 1980, at Lansing.—Decided October 22, 1980.

Kathy L. Frazier was convicted, on her plea of guilty, of felonious assault and of possession of a firearm during the commission of a felony, Oakland Circuit Court, William John Beer, J. She appeals by leave granted, alleging that the trial court erred in failing to advise her of the probation and parole consequences and the possibility of sentence enhancement as an habitual offender which would result from her guilty plea, and that there was an insufficient factual basis to support her plea. *Held:*

1. Because this was the defendant's first offense and because she was not on probation or parole the failure to advise her of the probation and parole consequences of her plea was harmless. Likewise, there was no duty to inform her of possible sentence enhancement as an habitual offender because this was her first offense.

2. The facts on the record show only that the defendant was holding a gun which discharged upon hitting a wall while it was pointed in the direction of the defendant's husband. The facts are not sufficient to establish the intent to commit an assault.

Remanded for further proceedings.

BASHARA, J., dissented. He would hold that a factual basis for the defendant's plea was sufficiently established.

OPINION OF THE COURT

1. CRIMINAL LAW — PLEA OF GUILTY — ADVISING DEFENDANT.

Failure of a trial court at a plea-taking proceeding to advise the

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 487, 490.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

[2, 4] 21 Am Jur 2d, Criminal Law § 492.

[3] 6 Am Jur 2d, Assault and Battery §§ 3, 6.

[5] 6 Am Jur 2d, Assault and Battery § 31.

defendant of the probation and parole consequences of a guilty plea or that the plea subjects the defendant to enhanced punishment as an habitual offender is harmless where the defendant is pleading guilty to a first offense and is not on probation or parole and where, because the defendant has not been previously convicted of a felony, the guilty plea cannot be used to trigger the operation of the habitual offender statute.

2. CRIMINAL LAW — PLEA OF GUILTY — FACTUAL BASIS FOR PLEA.

A factual basis exists for the acceptance of a guilty plea if an inculpatory inference could reasonably be drawn by a jury on the facts admitted by the defendant; the fact that an exculpatory inference could also be drawn is immaterial.

3. ASSAULT AND BATTERY — FELONIOUS ASSAULT — INTENT.

Felonious assault is a general intent crime; the intent necessary is that required for simple assault, an attempt to injure or an intent to put the victim in reasonable fear and apprehension of an immediate battery.

DISSENT BY BASHARA, J.

4. CRIMINAL LAW — PLEA OF GUILTY — FACTUAL BASIS FOR PLEA.

*It is not necessary that a defendant be found guilty beyond a reasonable doubt when adducing facts for validation of a guilty plea; it is enough if an inculpatory inference can reasonably be drawn from the facts admitted by the defendant.*

5. ASSAULT AND BATTERY — FELONIOUS ASSAULT — REACTION OF VICTIM.

*The reaction of the possible victim to a gunshot is not a crucial element in the question of whether a felonious assault has taken place where the gun was pointed directly at the possible victim.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Attorney, and *Thomas S. Richards,* Assistant Prosecuting Attorney, for the people.

*Stewart L. Young,* for defendant on appeal.

Before: MACKENZIE, P.J., and BASHARA and D. C. RILEY, JJ.

MacKenzie, P.J. Defendant was charged with two counts of assault with intent to murder, MCL 750.83; MSA 28.278, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). On January 9, 1978, she pled guilty to the felony-firearm count and a lesser charge of felonious assault, MCL 750.82; MSA 28.277. On January 18, 1978, the trial court sentenced defendant to consecutive terms of imprisonment of two to four years on the felonious assault conviction with credit for 117 days served and two years on the felony-firearm conviction. Defendant appeals by leave granted.

Defendant's allegations of error all relate to the procedure to be followed by the trial court before accepting a guilty plea under GCR 1963, 785.7. Failure to advise defendant of probation and parole consequences is harmless as this was her first offense and she was not on probation or parole. See *Guilty Plea Cases,* 395 Mich 96, 128; 235 NW2d 132 (1975). Nor does the trial court's failure to inform defendant that her plea subjected her to sentence enhancement as an habitual offender require reversal. Since defendant had not previously been convicted of a felony, her guilty plea herein could not be used to trigger the habitual offender statute and there was no duty to so inform her. *People v Sickmiller,* 87 Mich App 332, 334; 274 NW2d 57 (1978).

Defendant's contention that she was not informed that she was relinquishing the rights she would have at trial is not supported by the record of the plea proceeding. We are satisfied that defendant was informed of her *Jaworski*[1] rights and that there was substantial compliance with GCR 785.7(1)(g). See *Guilty Plea Cases, supra,* 124.

---

[1] *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972).

Finally, defendant contends that there was an insufficient factual basis on the record to support her plea to the felonious assault and felony-firearm charges. At the plea proceeding defendant stated that she had signed a statement, which was admitted into evidence, that "[t]he gun discharged upon hitting the wall while it was pointed in my husband's direction". Additionally, the following colloquy ensued between defendant and the trial court:

"THE COURT: Well it says here that you had a gun and that it was pointed in your husband's direction. And it was in your hands, * * * and it discharged and struck him; is that right?

"THE DEFENDANT: No. It did not strike him. It discharged as it struck the wall.

"THE COURT: I see. What you wrote here is true?

"THE DEFENDANT: Yes, it is."

In reviewing the adequacy of the factual basis for a guilty plea, the requisite inquiry is whether a trier of fact could properly convict on the facts as stated by the defendant. "A factual basis for acceptance of a plea exists if an inculpatory inference can reasonably be drawn by a jury on the facts admitted by the defendant. The fact that an exculpatory inference could also be drawn is immaterial." *People v Spry,* 74 Mich App 584, 593-594; 254 NW2d 782 (1977), citing *Guilty Plea Cases, supra,* and *People v Haack,* 396 Mich 367; 240 NW2d 704 (1976).

Initially, we note the reluctance of our courts to rely on a written statement of a defendant purporting to waive his constitutional rights or establish a factual basis for the charge. See *Guilty Plea Cases, supra, People v Schneff* 392 Mich 15, 25-26; 219 NW2d 47 (1974) (plurality opinion), *People v*

*Napier,* 69 Mich App 46; 244 NW2d 359 (1976). The court rule itself provides that "[i]f the defendant pleads guilty, the court, by questioning him, shall establish support for a finding that he is guilty of the offense charged or the offense to which he is pleading". GCR 1963, 785.7(3)(a).

In the case at bar, defendant argues that the record does not indicate that she intended to commit the crime of felonious assault. Felonious assault is a general intent crime. The intent necessary is that required in a simple assault: either an attempt to injure or an intent to put the victim in reasonable fear and apprehension of an immediate battery. *People v Joeseype Johnson,* 407 Mich 196, 210; 284 NW2d 718 (1979).

Although the question here is close, we do not believe the record established that defendant aimed the gun at her husband with the intent to injure him or the intent to put him in fear of an immediate injury. The facts as recited by defendant show only that the gun happened to be pointed in her husband's direction and discharged upon hitting the wall. She did not testify regarding her husband's reaction to the shot.

On remand, the procedure established in *Guilty Plea Cases, supra,* 129, should be followed. What must be clarified is whether defendant aimed the gun in her husband's direction and attempted to injure him or put him in reasonable fear of an immediate battery. If that is the case, defendant's convictions should be upheld. But, if it is shown only that the gun accidentally discharged while not intentionally aimed at the victim, both of defendant's convictions must be reversed.

Remanded for proceedings in accordance with this opinion.

D. C. Riley, J., concurred.

BASHARA, J. *(dissenting).* I respectfully dissent. The majority concedes that the facts show the gun was pointed in the direction of defendant's husband when it was discharged.

In adducing facts necessary to validate a guilty plea, it is not necessary that defendant be found guilty beyond a reasonable doubt. The Supreme Court clearly enunciated the requirements in *Guilty Plea Cases,* 395 Mich 96, 130; 235 NW2d 132 (1975), wherein it was stated:

"A factual basis for acceptance of a plea exists if an inculpatory inference can reasonably be drawn by a jury from the facts admitted by the defendant even if an exculpatory inference could also be drawn and defendant asserts the latter is the correct inference."

The majority infers that a crucial element in the matter is the reaction of defendant's husband to the shot. That appeared to be an important consideration in *People v Victor (Guilty Plea Cases), supra,* 131. However, in that case, the gun was fired into the air, not pointed directly at the possible victim.

Based on the foregoing, I would affirm defendant's plea-based conviction.