PEOPLE v BERRY

Docket No. 53327. Submitted September 16, 1981, at Detroit.—Decided December 16, 1981.

Michael C. Berry was convicted, on his plea of no contest, of first-degree criminal sexual conduct and unarmed robbery in Recorder's Court of Detroit, James E. Roberts, J. Defendant appealed, alleging that there wasn't a sufficient factual basis for the plea to the unarmed robbery, that the record establishes the defense of intoxication, and that the court did not comply with the sentencing agreement. *Held:*

1. A factual basis exists for the acceptance of a guilty plea if an inculpatory inference could reasonably be drawn by a jury on the facts admitted by the defendant; the fact that an exculpatory inference could also be drawn is immaterial. Unarmed robbery may be accomplished either by force and violence or by assault or putting in fear. There was a sufficient factual basis for accepting the plea.

2. A plea of guilty may be accepted even though a defendant asserts that he was intoxicated or narcotized at the time the offense was committed, as long as the defendant sufficiently recalls facts and circumstances which tend to show that he participated in the commission of the offense. Defendant gave a fairly detailed account of the crimes. The court did not err in accepting his plea.

3. The sentencing agreement was followed by the judge.

Affirmed.

1. CRIMINAL LAW — GUILTY PLEAS.

A factual basis exists for the acceptance of a guilty plea if an inculpatory inference could reasonably be drawn by a jury on the facts admitted by the defendant; the fact that an exculpatory inference could also be drawn is immaterial.

2. ROBBERY — UNARMED ROBBERY.

Unarmed robbery may be accomplished either by force and

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 21 Am Jur 2d, Criminal Law § 489.
[2] 67 Am Jur 2d, Robbery § 20.

violence or by assault or putting in fear (MCL 750.530; MSA 28.798).

3. CRIMINAL LAW — GUILTY PLEAS — INTOXICATION.

A plea of guilty may be accepted even though a defendant asserts that he was intoxicated or narcotized at the time the offense was committed, as long as the defendant sufficiently recalls facts and circumstances which tend to show that he participated in the commission of the offense.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

*Craig A. Daly,* for defendant.

Before: BASHARA, P.J., and J. H. GILLIS and V. J. BRENNAN, JJ.

PER CURIAM. Defendant was convicted on his plea of no contest of first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2), and unarmed robbery, MCL 750.530; MSA 28.798, and was sentenced to concurrent terms of 12 to 30 years and 10 to 15 years respectively. He appeals as of right.

The first issue raised by defendant is whether there was a sufficient factual basis to support his conviction of first-degree criminal sexual conduct and unarmed robbery. GCR 1963, 785.7(3)(a). In reviewing the adequacy of the factual basis for a guilty plea, the requisite inquiry is whether a trier of fact could properly convict on the facts as stated by the defendant. A factual basis for acceptance of a plea exists if an inculpatory inference can reasonably be drawn by a jury on the facts admitted by the defendant. The fact that an exculpatory inference could also be drawn is immaterial.

*Guilty Plea Cases,* 395 Mich 96, 130; 235 NW2d 132 (1975), *People v Frazier,* 100 Mich App 776, 779; 300 NW2d 408 (1980).

Defendant testified at the plea proceeding that he could not remember the exact circumstances surrounding the crimes and that, apparently due to his consumption of alcohol and drugs, he was unaware of his actions at the time the crimes were committed. Nonetheless, defendant was able to give a fairly detailed account of his activities that day. He stated that after consuming some marijuana and alcohol, he went to complainant's home, verbally forced her to commit an act of fellatio and took her money and jewelry. Defendant stated that he knew his acts were criminal and that he had no right to do them.

Defendant argues that these statements were insufficient to establish the elements of the offense of unarmed robbery since there was no indication that the taking of complainant's money and property was accomplished by an assault. MCL 750.530; MSA 28.798 provides:

"Any person who shall, by force and violence, or by assault or putting in fear, feloniously rob, steal and take from the person of another, or in his presence, any money or other property which may be the subject of larceny, such robber not being armed with a dangerous weapon, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 15 years."

The unarmed robbery statute is disjunctive; the offense may be accomplished either by force and violence or by assault or putting in fear. *People v Sanford,* 402 Mich 460, 473; 265 NW2d 1 (1978). From defendant's statements at the plea proceeding, it is a reasonable inference that the verbal

threats which caused complainant to submit to the sexual assault also caused her to submit to the robbery. A trier of fact could reasonably conclude that defendant accomplished the unarmed robbery by putting the victim in fear. Upon a careful review of the record, we are convinced that defendant's statements were sufficient to establish an adequate factual basis for his conviction of first-degree criminal sexual conduct and unarmed robbery.

Defendant next contends that the trial court erred in accepting the pleas because defendant's statements established the defense of intoxication. This argument is without merit.

Even though a defendant asserts he was intoxicated or narcotized at the time the offense was committed, the judge may accept the plea as long as the defendant sufficiently recalls facts and circumstances which tend to show he participated in the commission of the offense. *People v Burton,* 396 Mich 238, 242; 240 NW2d 239 (1976). Defendant in this case was able to recite what occurred, which distinguishes the case from *People v Stoner,* 23 Mich App 598; 179 NW2d 217 (1970), *lv den* 383 Mich 806 (1970).

Defendant next argues that he is entitled to withdraw his plea because the trial court did not comply with the sentence agreement. Following a discussion with counsel during the plea proceeding, the court advised defendant that, if he pled to the charges of first-degree criminal sexual conduct and unarmed robbery, the total minimum sentence the court would impose for both convictions, plus a two-year mandatory sentence to be imposed on a felony-firearm conviction in another case, would not exceed 15 years. Although there was no explicit reference made, we are satisfied from the

record that defendant and defense counsel understood that the sentence agreement referred to a period of actual exposure to incarceration. The sentence imposed was a term of 2 years on the felony-firearm conviction followed by concurrent terms of 12 to 30 years and 10 to 15 years on the first-degree criminal sexual conduct and unarmed robbery convictions respectively, making a total minimum period of incarceration of 14 years. This was in conformance with the sentence agreement.

Defendant's final contention is without merit. The record establishes that defendant committed sexual penetration under circumstances involving the commission of another felony, to-wit: unarmed robbery, in violation of MCL 750.520b(1)(c); MSA 28.788(2)(1)(c).

Affirmed.