RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 22a0192p.06

# UNITED STATES COURT OF APPEALS

### FOR THE SIXTH CIRCUIT

─────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

No. 21-2722

*v.*

MONQUEL DEJUAN-LEE PAULK,

*Defendant-Appellant*.

─────────────

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 1:20-cr-00146-1—Hala Y. Jarbou, District Judge.

Argued:  June 8, 2022

Decided and Filed:  August 17, 2022

Before:  BOGGS, COLE, and GRIFFIN, Circuit Judges.

─────────────

## COUNSEL

**ARGUED:** Daniel S. Harawa, Courtney C. Burress, Katherine Elizabeth Griffin, WASHINGTON UNIVERSITY SCHOOL OF LAW, St. Louis, Missouri, for Appellant.  David N. Goldman, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.  **ON BRIEF:**  Daniel S. Harawa, Courtney C. Burress, Katherine Elizabeth Griffin, James O. Akinleye, WASHINGTON UNIVERSITY SCHOOL OF LAW, St. Louis, Missouri, for Appellant.  Kathryn M. Dalzell, UNITED STATES ATTORNEY'S OFFICE, Grand Rapids, Michigan, for Appellee.

———————————

**OPINION**

———————————

GRIFFIN, Circuit Judge.

Defendant Monquel Paulk was sentenced as a career offender under the Armed Career Criminal Act. He now challenges that sentence, arguing that his 2011 conviction for Michigan third-degree home invasion is not a predicate conviction supporting his career-offender status. We disagree and affirm.

I.

Paulk pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 921(a), and 924(e). The presentence investigation report concluded that three of Paulk's prior convictions were "violent felon[ies]" as defined by the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA). He did not object to that finding. The district court sentenced him as a career offender and imposed a sentence of 180 months' imprisonment. Paulk timely appealed.

II.

ACCA imposes a mandatory minimum sentence of fifteen years for a § 922(g) conviction if the defendant has three or more previous convictions for "violent felon[ies]," "serious drug offense[s]," or both. § 924(e)(1). On appeal, Paulk challenges the district court's conclusion that his prior conviction for Michigan third-degree home invasion constitutes a "violent felony" under ACCA. Because he did not object in the district court, we review his challenge for plain error, which requires him to show "(1) error (2) that was obvious or clear, (3) that affected [his] substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc) (internal quotation marks omitted). For the reasons set forth below, we discern no error (let alone a plain one) in the district court's judgment.

A state burglary statute qualifies as a "violent felony" under ACCA if the statute has the "basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990). A conviction under a state statute will "qualif[y] as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense." *Descamps v. United States*, 570 U.S. 254, 257 (2013). To conduct this analysis (called the "categorical approach"), we evaluate only whether the state statute is equivalent to or narrower than generic burglary, and we ignore the actual facts of the underlying case. *Id.*; *see also Mathis v. United States*, 579 U.S. 500, 503 (2016).

This case illustrates yet again the paradox of the categorical approach: Paulk broke into a dwelling and committed a misdemeanor larceny (an intent-based crime), which satisfied all the elements of third-degree home invasion. But the categorical approach instructs us to reject this case's reality and turn instead to Paulk's contention that another individual could be convicted of the same crime without forming criminal intent. *See, e.g., Cradler v. United States*, 891 F.3d 659, 672 (6th Cir. 2018) (Kethledge, J., concurring) ("[W]e can readily tell that Cradler was in fact convicted of a violent felony. Yet under the categorical approach we cannot consider that reality.").

We begin under the categorical approach with the statutory language. Michigan's third-degree home invasion statute provides that:

> [a] person is guilty of home invasion in the third degree if the person does either of the following:
>
> (a) Breaks and enters a dwelling with intent to commit a misdemeanor in the dwelling, enters a dwelling without permission with intent to commit a misdemeanor in the dwelling, or breaks and enters a dwelling or *enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a misdemeanor.*
>
> (b) Breaks and enters a dwelling or enters a dwelling without permission and, at any time while the person is entering, present in, or exiting the dwelling, *violates any of the following ordered to protect a named person or persons:*

> *(i) A probation term or condition.*
> *(ii) A parole term or condition.*
> *(iii) A personal protection order term or condition.*
> *(iv) A bond or bail condition or any condition of pretrial release.*

Mich. Comp. Laws § 750.110a(4) (emphasis added). Paulk argues this statute is broader than generic burglary because the emphasized provisions lack an intent element, positing that an individual could be convicted of home invasion if he entered a home without permission and then either (1) committed a strict liability misdemeanor, (2) committed a misdemeanor with a mens rea of recklessness or negligence, or (3) violated a court-ordered condition. Thus, he argues, the Michigan statute is far more expansive than generic burglary and cannot serve as an ACCA-predicate conviction.

The government asserts that we resolved this question in *United States v. Quarles*, which held that "Michigan's crime of third-degree home invasion is categorically equivalent to generic burglary." 850 F.3d 836, 837 (6th Cir. 2017), *aff'd*, 139 S. Ct. 1872, 1875 (2019). Despite this broad statement, *Quarles* did not consider the specific issue presented here. The defendant there argued that *Taylor*'s requirement of criminal intent to be present upon entry meant that Michigan's third-degree home invasion statute was broader than the definition of generic burglary because it also criminalized "remaining-in" burglary. We concluded, *id.* at 840, and the Supreme Court affirmed, 139 S. Ct. at 1875, that remaining-in burglary is part of generic burglary. But we did not consider the argument Paulk makes today—that third-degree home invasion does not include an intent element at all. Indeed, the Supreme Court explicitly declined to answer that question. *Quarles*, 139 S. Ct. at 1880 n.2 ("Quarles alternatively suggests that Michigan's home-invasion statute actually does not require that the defendant have *any* intent to commit a crime at *any* time while unlawfully present in a dwelling. . . . Quarles did not preserve that argument, and we do not address it."). And "questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." *Wright v. Spaulding*, 939 F.3d 695, 702 (6th Cir. 2019) (citation omitted). Because the issue presented here was not ruled upon in *Quarles*, either by this court or the Supreme Court, *Quarles* is not dispositive.

We therefore consider for the first time whether Michigan's third-degree home invasion statute sweeps more broadly than generic burglary by criminalizing actions that do not require criminal intent. The Supreme Court has explained that "to find that a state statute creates a crime outside the generic definition of a listed crime in a federal statute requires more than the application of legal imagination to a state statute's language." *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). To succeed, Paulk must show "a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime." *Id*.; *see also United States v. Burris*, 912 F.3d 386, 397–98 (6th Cir. 2019).[1] Paulk argues that it is possible to imagine scenarios in which there is no intent to commit a crime, yet a defendant could be convicted of third-degree home invasion. This creative legal imagination is insufficient.

His main argument centers on assault, which is often an underlying act for a third-degree home invasion conviction. Michigan defines an assault as "either an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery." *People v. Starks*, 701 N.W.2d 136, 140 (Mich. 2005). "A battery is an intentional, unconsented and harmful or offensive touching of the person of another . . . ." *People v. Reeves*, 580 N.W.2d 433, 435 n.4 (Mich. 1998). Crucial to Paulk's the-statute-sweeps-broader argument, simple criminal assault is a general intent crime: the government need only prove an intent to commit the unlawful act, and not a specific intent to harm. *People v. Frazier*, 300 N.W.2d 408, 410 (Mich. Ct. App. 1980).

Paulk argues that an individual could touch someone—intending to touch them but without possessing the criminal intent to harm—and be convicted of third-degree home invasion based on that underlying assault and battery. This plausible hypothetical falls short of satisfying

---

[1]The Supreme Court's recent decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022), does not modify this standard. *Taylor* declined to apply the "realistic probability" test to determine whether attempted Hobbs Act robbery was an ACCA-predicate conviction, and in doing so, the Court distinguished *Duenas-Alvarez* for two reasons. First, *Duenas-Alvarez* interpreted a state statute, whereas the Court in *Taylor* was asked "only whether the elements of one federal law align with those prescribed in another." *Id*. at 2025. Second, in *Duenas-Alvarez*, the "elements of the relevant state and federal offenses clearly overlapped," and the question before the Court was whether the state offense was overbroad; in *Taylor*, "there [was] no overlap to begin with." *Id*. Here, Paulk asks us to interpret a state statute that overlaps, in large part, with the elements of generic burglary. Therefore, *Duenas-Alvarez*, not *Taylor*, applies to our analysis.

his realistic-probability burden. Pointing only to *Quarles*, Paulk argues that Michigan secures third-degree-home-invasion convictions on assault charges. We are not convinced. *Quarles* described the defendant's underlying assault as "an attempt to chase down an ex-girlfriend who had sought refuge in a nearby apartment," which does not imply that any unwanted touching occurred. 139 S. Ct. at 1876. Without more, Paulk has not demonstrated a "realistic probability" that Michigan would charge an individual with third-degree home invasion based on an unwanted touching. While this is a plausible hypothetical, it remains just that—hypothetical.

The remainder of Paulk's arguments fare no better. He offers several scenarios that might lead to a third-degree home invasion conviction, including: a teenage couple with a five-year age difference engaging in sexual conduct in seemingly abandoned homes; breaking-and-entering and then violating a court-ordered condition; and several strict-liability misdemeanors that might be committed in another's home. But Paulk has not pointed to any Michigan caselaw involving a third-degree home invasion conviction predicated on these fact patterns, and we have not been able to independently locate any. Thus, he has demonstrated at best "a theoretical possibility[] that [Michigan] would apply its statute to conduct that falls outside the generic definition of [burglary]." *Duenas-Alvarez*, 549 U.S. at 193. That is insufficient. *Id.*

The district court did not err (let alone plainly so) when it considered Paulk's conviction a "violent felony" for ACCA purposes.

III.

For these reasons, we affirm the sentence imposed by the district court.