PEOPLE v MONTGOMERY

1. ASSAULT AND BATTERY—INTENT—GREAT BODILY HARM.

The admitted intent of a defendant to shoot a man in the arm unquestionably manifests the intent to do great bodily harm which is necessary to sustain a conviction of assault with intent to do great bodily harm less than murder (MCLA 750.84).

2. CRIMINAL LAW—PLEA OF GUILTY—INTENT—ALCOHOL—BARBITURATES.

The trial judge made sufficient inquiry into a defendant's ability to have entertained specific intent to do great bodily harm, after the defendant's statements regarding his use of alcohol and barbiturates on the day of a shooting, where the defendant's responses indicated quite clearly that he remembered the incident in which the complainant was shot in the arm and also recalled entertaining the specific intent to shoot him.

3. CRIMINAL LAW—SENTENCE—INDETERMINATE SENTENCE.

The Michigan Supreme Court decision holding that any sentence which provides for a minimum exceeding two-thirds of the maximum is improper as failing to comply with the indeterminate sentence act does not apply to sentences imposed prior to the date of the decision and not pending on appeal upon properly preserved specific issue; however, where the issue is properly raised in an application for rehearing, the Court of Appeals may modify an improper sentence so that it complies with the act.

Appeal from Recorder's Court of Detroit, Frank G. Schemanske, J. Submitted Division 1 June 21, 1972, at Detroit. (Docket No. 13220.) Decided September 28, 1972.

REFERENCES FOR POINTS IN HEADNOTES

[1] 6 Am Jur 2d, Assault and Battery § 6.
[2] 6 Am Jur 2d, Assault and Battery § 20.
   21 Am Jur 2d, Criminal Law §§ 107, 109.
[3] 21 Am Jur 2d, Criminal Law §§ 540, 592, 614.

Leroy Montgomery was convicted of assault with intent to do great bodily harm less than murder. Defendant appeals. Affirmed, with modified sentence.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Joseph P. Zanglin,* for defendant on appeal.

Before: LEVIN, P. J., and V. J. BRENNAN and BRONSON, JJ.

LEVIN, P. J. Defendant, Leroy Montgomery, appeals his conviction upon a plea of guilty of assault with intent to do great bodily harm less than murder. MCLA 750.84; MSA 28.279. We affirm.

Montgomery contends that the judge should not have accepted his guilty plea because during the bench questioning Montgomery denied having entertained the requisite intent to do great bodily harm.

When Montgomery gave a negative reply to the judge's question, "Did you know that you shot [the complainant] with the intent to injure him?", the judge said he would not accept a guilty plea. Whereupon Montgomery said:

"But I tried, I meant to shoot him though but, you know, I didn't mean to hurt, really hurt him, you know, that's why I shot him in the arm.

*"Mr. Lee [defendant's attorney]:* Did you intend to shoot him in the arm?

*"Defendant Leroy Montgomery:* Yes, sir; yes."

The intent, acknowledged by Montgomery, to

shoot a man in the arm unquestionably manifests an intent to do great bodily harm. *Cf. People v Townsend,* 120 Mich 661 (1899); *People v Raher,* 92 Mich 165 (1892).

Montgomery also contends that, in light of his statements about his use of alcohol and barbiturates on the day of the shooting, the judge should not have accepted his plea without ascertaining further his ability to have entertained the specific intent required.

During the plea-taking examination Montgomery mentioned that he had been under the influence of alcohol and barbiturates. The judge questioned him further after the second mention. Montgomery's responses indicated quite clearly that he remembered the incident in which the complainant was shot in the arm, and also recalled entertaining the specific intent to shoot him. *People v Stoner,* 23 Mich App 598 (1970), on which Montgomery relies, is distinguishable on these facts. The judge did not err in accepting the plea.

Montgomery was sentenced to serve a term of 9-1/2 to 10 years. The maximum sentence for the offense of which he was convicted is 10 years.

In *People v Tanner,* 387 Mich 683, 690 (1972), the Michigan Supreme Court declared:

"Convinced as we are, that a sentence with too short an interval between minimum and maximum is not indeterminate, we hold that any sentence which provides for a minimum exceeding two-thirds of the maximum is improper as failing to comply with the indeterminate sentence act."

We are, however, unable to give Montgomery the benefit of the rule enunciated in *Tanner* and reduce the minimum sentence from 9-1/2 to 6-2/3 years, thereby making him eligible for parole at

an earlier time, because the Michigan Supreme Court declared in *Tanner* that its decision in that case would be "prospectively limited to those cases in which sentence is to be or has been imposed after date of filing of this opinion and to those cases which on date of filing of this opinion are pending on appeal and which have properly raised and preserved the issue for appeal. Sentences imposed prior to date of this decision and not pending on appeal upon *properly preserved specific issue* shall not be affected by the rule herein adopted". (Emphasis supplied.)

Since a brief order of this Court could effectuate a reduction in the minimum sentence without a new trial and without even the return of Montgomery from state prison to the sentencing judge for resentencing, we are at a loss to understand what jurisprudential or other principle requires that Montgomery be denied the benefit of the salutary principle enunciated in *Tanner* simply because his appellate counsel failed properly to preserve this issue. Self-discipline, duty, and respect require, however, that we obediently follow the clear mandate of the Supreme Court and, accordingly, there is no way that we can properly give Montgomery the benefit of the *Tanner* rule.

Affirmed.

All concurred.

### Order on Rehearing
### December 9, 1972

In this cause an application for rehearing is filed by defendant-appellant, and an answer in opposition thereto having been filed, and due consideration thereof having been had by the Court,

It is ordered that the application for rehearing be, and the same is hereby, granted for the limited

purpose of reducing defendant's minimum sentence. Pursuant to GCR 1963, 820.1(7) defendant's minimum sentence is hereby reduced from 9-1/2 years to 6-2/3 years. *People v Tanner,* 387 Mich 683 (1972); *People v Herrman* (Docket No. 11990, decided October 17, 1972 [unreported]). This Court retains no further jurisdiction.