# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KURQE E. LOVE, also known as KURQE
EUGENE LOVE,

Defendant-Appellant.

UNPUBLISHED
December 20, 2016

No. 328662
Wayne Circuit Court
LC No. 15-000307-FC

Before: SAAD, P.J., and MURRAY and METER, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial convictions of assault with intent to do great bodily harm less than murder (three counts), MCL 750.84; felonious assault, MCL 750.82; felon in possession of a firearm, MCL 750.224f; carrying a concealed weapon, MCL 750.227; and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced to 76 months to 10 years in prison for each count of assault with intent to do great bodily harm, one to four years in prison for felonious assault, one to five years in prison for felon-in-possession, one to five years in prison for carrying a concealed weapon, and two years in prison for felony-firearm. We affirm.

Defendant's convictions arose out of a shooting on November 21, 2014. While defendant was standing in front of a residence, he began arguing about money with Devon Wilford and Christopher Evans. Two other individuals were standing with defendant, Wilford, and Evans. After becoming angry, defendant held a gun to Wilford's head. Defendant then fired multiple shots toward the group, which dispersed. After running off, Evans realized that he had been shot in the leg. At trial, defendant denied shooting the gun in anger. Defendant testified that he only fired one shot into the ground so that Evans would leave the scene. Defendant explained that he felt threatened by Evans because he knew that Evans carried a gun and Evans was "putting on a threat like he's gonna take . . . money from me." Defendant acknowledged that he did not see Evans holding a gun.

Defendant first argues that the evidence failed to establish beyond a reasonable doubt that he was guilty of assault with intent to do great bodily harm less than murder. We disagree. When determining whether sufficient evidence was presented at trial to support a conviction, this Court must view the evidence in the light most favorable to the prosecution to determine whether

-1-

a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). "[A] reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

The elements of assault with intent to do great bodily harm less than murder are: "(1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder." *People v Brown*, 267 Mich App 141, 147; 703 NW2d 230 (2005) (emphasis removed). This Court has defined the intent to do great bodily harm as "an intent to do serious injury of an aggravated nature." *Id*. (citations and quotation marks omitted). The intent to shoot another person with a firearm "unquestionably manifests an intent to do great bodily harm." See *People v Montgomery*, 43 Mich App 205, 206-207; 204 NW2d 82 (1972).

The prosecution presented evidence that defendant was angry before the shooting. Further, Tijuana Yancy testified that the shooter fired multiple shots at her, Wilford, Evans, and a man named "Shontez." Evans testified that defendant fired the gun at him while Evans was standing next to Shontez and that defendant then "turn[ed] back towards [Wilford] and then start[ed] shooting." Defendant had been standing about five feet away from Evans before he began shooting, and Evans stated that Yancy was six to ten feet from defendant. Evans saw defendant fire three shots at Wilford. Evans further testified that one of the bullets struck him in the leg. The evidence that defendant became angry and then fired multiple shots from a gun at the victims while near them was sufficient to support defendant's conviction of assault with intent to do great bodily harm less than murder. While defendant argues that the witnesses that testified against him were not credible, when reviewing the sufficiency of the evidence, this Court will not interfere with the factfinder's assessment of the credibility of the witnesses. *People v Dunigan*, 299 Mich App 579, 582; 831 NW2d 243 (2013). Accordingly, defendant has not shown that the evidence was insufficient to support his conviction for assault with intent to do great bodily harm less than murder.

Defendant next argues that the evidence was insufficient to prove beyond a reasonable doubt that he was guilty of felonious assault. We disagree.

The elements of felonious assault are: "(1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999). Yancy and Evans both testified that defendant held a gun to Wilford's head. Although while testifying at trial Wilford could not remember whether defendant held a gun to her head, her statement to the police was admitted into evidence under MCL768.27c(1).[1] In the statement, Wilford indicated that defendant put a gun to her head, she ran away from him, and then she heard two or three

---

[1] Defendant was the father of Wilford's child, and thus the assault was an act of domestic violence under the statute. MCL 768.27c(5).

shots. The evidence that defendant held a gun to Wilford's head was sufficient to prove beyond a reasonable doubt that defendant was guilty of felonious assault. *Avant*, 235 Mich App at 505-506 (holding that testimony that the defendant pointed an assault rifle at the victim was sufficient to prove beyond a reasonable doubt the elements of felonious assault).

Defendant next argues that the evidence was insufficient to establish the offenses of felon-in-possession and felony-firearm because the prosecutor failed to disprove defendant's claim of self-defense beyond a reasonable doubt. We disagree. "[S]elf-defense is an available defense to the charge of being a felon in possession if supported by sufficient evidence." *People v Dupree*, 486 Mich 693, 707; 788 NW2d 399 (2010). Under MCL 780.972(1):

> An individual who has not or is not engaged in the commission of a crime at the time he or she uses deadly force may use deadly force against another individual anywhere he or she has the legal right to be with no duty to retreat if . . .
>
> (a) The individual honestly and reasonably believes that the use of deadly force is necessary to prevent the imminent death of or imminent great bodily harm to himself or herself or to another individual.

"Once evidence of self-defense is introduced, the prosecutor bears the burden of disproving it beyond a reasonable doubt." *People v Fortson*, 202 Mich App 13, 20; 507 NW2d 763 (1993).

The defense theory was that defendant fired one shot from the gun so that Evans would leave the scene. Defendant testified that Evans threatened to take his money, and that he fired one shot into the ground "[t]o back him off, to scare him off, I mean just get him away." Defendant testified that Evans had his hand in his pocket while threatening to take the money. Defendant added that he knew Evans carried a weapon "[a]ll the time."

To disprove defendant's claim of self-defense, the prosecutor presented the testimony of Yancy and Evans, indicating that defendant shot at the victims out of anger while arguing with Wilford and Evans. In addition, Evans testified that he was not carrying a gun on the day of the shooting and denied making any gestures indicating that he had a weapon. While defendant testified that Evans had his hand in his pocket, he acknowledged that he never saw a gun in Evans's hand on the day of the shooting. Defendant acknowledged that he was a convicted felon and was prohibited from possessing a firearm.

As the trier of fact, the trial court "is free to believe or disbelieve, in whole or in part, any of the evidence presented." See *People v Perry*, 460 Mich 55, 63; 594 NW2d 477 (1999). The trial court specifically found that it did not believe defendant's testimony that he fired the gun into the ground just to scare Evans. While the trial court noted that witnesses "lied about some things but told the truth about others," it ultimately concluded that defendant shot the gun at the victims after he "snapped." The evidence was sufficient to support the trial court's finding that defendant shot the gun out of anger rather than in self-defense. The felon-in-possession and felony-firearm convictions were adequately supported.

Defendant next argues that he was denied the effective assistance of counsel because defense counsel waived his right to a jury trial without conferring with him, as required by MCR 6.402. We disagree.

To establish a claim of ineffective assistance of counsel, a defendant must satisfy a two-part test set forth in *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984). See *People v Carbin*, 463 Mich 590, 599-600; 623 NW2d 884 (2001). First, the defendant must show that counsel's performance was deficient. *Carbin*, 463 Mich at 600. "This requires showing that counsel made errors so serious that counsel was not performing as the 'counsel' guaranteed by the Sixth Amendment." *Id.*, quoting *Strickland*, 466 US at 687. Second, the defendant must show that counsel's deficient performance prejudiced the defense. *Carbin*, 463 Mich at 600. To demonstrate prejudice, the defendant must show a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *Id*.

According to MCR 6.402(A), the court may not accept a waiver of a jury trial until the defendant has been offered an opportunity to consult with a lawyer. In addition, MCR 6.402(B) provides:

> Before accepting a waiver, the court must advise the defendant in open court of the constitutional right to trial by jury. The court must also ascertain, by addressing the defendant personally, that the defendant understands the right and that the defendant voluntarily chooses to give up that right and to be tried by the court. A verbatim record must be made of the waiver proceeding.

Here, the record contains a signed jury waiver form dated May 20, 2015, indicating that defendant wished to waive his right to a jury trial. In addition, the court held a hearing on May 20, 2015, regarding defendant's waiver of a jury trial. At the hearing, defendant, who was represented by counsel, stated, under oath, that he read and understood the waiver form, that he was not under the influence of drugs or alcohol, that he was not threatened or forced into waiving his right to a jury, that he had an opportunity to discuss the matter with his attorney, and that his decision to waive a jury was not induced by a promise of leniency. Therefore, defendant's claim that defense counsel was ineffective for waiving defendant's right to a jury trial without complying with MCR 6.402 is without merit.

Defendant next argues that he was denied the effective assistance of counsel because defense counsel failed to properly investigate the case. Defendant purports to contend[2] that defense counsel never interviewed the complaining police officers, the officer in charge, or the man who made the 911 call, who could have established that only one shot was fired. He further purports to contend that defense counsel should have obtained the 911 tape, which may have included "invaluable information."

"[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 US at 691. "The failure to

---

[2] Defendant's briefing is inadequate.

-4-

make an adequate investigation is ineffective assistance of counsel if it undermines confidence in the trial's outcome." *People v Grant*, 470 Mich 477, 493; 684 NW2d 686 (2004). Here, defendant has waived the present issue through improper briefing. See *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009). Moreover, defendant has not established a factual predicate for his claim of ineffective assistance of counsel. *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). Defendant has not submitted affidavits or other evidence demonstrating that defense counsel failed to investigate the witnesses, that any of the witnesses would have testified that only one shot was fired, or that the 911 tape would have revealed any exculpatory evidence. Because it is not apparent from the record that defense counsel failed to investigate witnesses or other evidence that would have undermined the prosecutor's theory of the case, defendant has not shown that he was denied the effective assistance of counsel at trial.

Finally, defendant argues that the record contains no evidence that he ever agreed to waive his right to a jury trial. We disagree. Because defendant failed to preserve this constitutional issue for review, we will review the issue for plain error that affected defendant's substantial rights. *People v Pipes*, 475 Mich 267, 274; 715 NW2d 290 (2006).

Defendant's argument simply is not supported by the lower court record. As noted above, the lower court file contains a waiver form signed by defendant and dated May 20, 2015. In addition, the court held a hearing on May 20, 2105, at which defendant stated, under oath, that he wished to waive his right to a jury trial, that he had the opportunity to discuss the matter with his attorney, and that his decision to waive a jury trial was not induced by threats or promises. Therefore, defendant has not shown that the trial court violated his constitutional right to a jury trial.[3]

Affirmed.

/s/ Henry William Saad
/s/ Patrick M. Meter

---

[3] Defendant also appears to be making an argument related to the trial court's findings regarding the habitual offender statutes, but he has waived this argument through improper briefing. *Payne*, 285 Mich App at 188; *Caldwell v Chapman*, 240 Mich App 124, 132; 610 NW2d 264 (2000). We note that the trial court, after sentencing, corrected an error with regard to the habitual offender issue.